■ In the Matter of JAMES BLADES, Appellant, v JOHN TWOMEY, as Superintendent of Coxsackie Correctional Facility, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered February 6, 1989 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Coxsackie Correctional Facility which denied petitioner permission to receive a typewriter.

Petitioner, an inmate at Coxsackie Correctional Facility in Greene County, arranged to receive a package containing a typewriter. Respondent Superintendent of Coxsackie Correctional Facility denied permission to receive the typewriter because it had a value in excess of $200 in violation of the limit imposed by 7 NYCRR 724.4 (g) (26) and (27) and Departmental Directive No. 4911. Petitioner's administrative appeal was denied and this CPLR article 78 proceeding was commenced. In rejecting petitioner's contention that Correction Law § 138 precluded the Superintendent's determination, Supreme Court held that disciplinary issues were not involved. We agree. That statute prohibits the imposition of punishment upon an inmate for misconduct in violation of prison rules and regulations unless such rules and regulations are posted in prominent locations within the prison and written copies are provided to inmates. There was no disciplinary action or punishment imposed in this case.

Petitioner's contention that the absence of a posted copy of the property possession limitation precludes its enforcement is without merit. Petitioner, an inmate legal assistant, while arguing the unavailability of Departmental Directive No.

4911, does not allege his unawareness of, or the unavailability of, the published State-wide regulation found in 7 NYCRR part 724, which contains the codification of all departmental directives. Regardless of petitioner's awareness of the limit, correction officials have the right and duty to control the property and possessions within the prison under their supervision. The Superintendent's reliance upon the regulation was reasonable and provides a rational basis to exclude the subject property from the prison.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.