■ In the Matter of HARVEY MARCELIN, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services of the State of New York, et al., Respondents. [598 NYS2d 354] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 30, 1992 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination denying petitioner's grievance.

Petitioner commenced this CPLR article 78 proceeding claiming that the denial of his right to possess Tarot cards in prison infringes on the exercise of his religious belief and, therefore, violates his rights under the 1st Amendment. In his brief on appeal, however, petitioner does not advance a religious intent with respect to possessing the Tarot cards, but simply claims that he should be allowed to keep the Tarot cards for his own "edification, recreation and deep personal

reasonable cause under this provision (compare, 20 NYCRR former 536.1 [b] [5], with 20 NYCRR 536.5 [c] [4]).

interest". We have held that prison officials have the right to "control the property and possessions within the prison under their supervision" *(Matter of Blades v Twomey,* 159 AD2d 868, 869). The record reveals that possession of Tarot cards has been consistently denied by correctional authorities. Moreover, petitioner has failed to articulate any sincere religious conviction on his part which would implicate 1st Amendment rights.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.