■ In the Matter of WILLIAM NOGUERAS, Appellant, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [662 NYS2d 144] —Appeal from a judgment of the Supreme Court (Connor, J.), entered December 20, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request to use shaving clippers.

Petitioner, a prison inmate, contends that the denial of his request for shaving clippers, instead of a razor, on the ground that there must be a medical condition for the issuance thereof, was arbitrary and capricious. The regulation cited by petitioner requires only that each inmate have access to "[s]having equipment" a minimum of two times per week (7 NYCRR 304.5). Bearing in mind the deference accorded a prison official's judgment in such matters (*see generally*, Correction Law § 18 [2]; *Matter of Flowers v Sullivan*, 149 AD2d 287, 293-294, *appeal dismissed in part* 75 NY2d 850, *appeal dismissed* 75 NY2d 1004), respondent's policy of complying with this regulation by issuing razors, rather than clippers, unless there has been a showing of medical necessity for the latter—which neither contravenes the plain language of the regulation nor deprives petitioner of any rights accorded thereby—is not irrational. "[I]t is not the role of the courts to indulge in speculation as to the proper allocation of prison resources or to invade the province of correctional authorities" (*Matter of Flowers v Sullivan, supra*, at 296).

Hence, inasmuch as the report supports respondent's finding that petitioner has no medical condition warranting the issuance of clippers, Supreme Court correctly concluded that the challenged determination was not arbitrary or capricious. Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.