■ In the Matter of FARIS ABDUL-MATIYN, Appellant, v COMMISSIONER OF STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [675 NYS2d 918] —Peters, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered December 16, 1996 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services confiscating petitioner's money order.

During a routine inspection of all inmate mail, a prison official at Woodbourne Correctional Facility in Sullivan County discovered an envelope containing a $50 money order payable to petitioner. Although the money order indicated the name of the entity who purchased it, no return address was indicated. As a result, it was deemed to be "anonymously received" money and was temporarily confiscated pending an investigation into

the identity of the sender. Following the investigation, it was determined that petitioner made and distributed a product in violation of two directives of the Department of Correctional Services and therefore the money order was permanently confiscated.

Petitioner filed a grievance and was afforded a hearing in accordance with the facility's inmate grievance program (7 NYCRR part 701). His grievance and subsequent administrative appeal having been unsuccessful, petitioner commenced this CPLR article 78 proceeding seeking an order annulling the determination. Supreme Court dismissed the petition and we affirm.

Upon our review, we find that respondent's denial of the grievance was neither arbitrary nor capricious (see, Matter of Chavis v Senkowski, 209 AD2d 765, lv denied 85 NY2d 805), and that since a reasonable interpretation was made of the applicable directives, the determination must be upheld (see, McGowan v Burstein, 71 NY2d 729). Having further reviewed and rejected petitioner's remaining contentions, including that alleging a violation of his due process rights, we hereby affirm Supreme Court's judgment in its entirety.

Cardona, P. J., White, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.