■ In the Matter of SAUL SULTAN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [779 NYS2d 144]—

Peters, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 27, 2003, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, a prison inmate, was denied permission by prison officials to possess packages of candy, labeled with the ingredient "chocolate liquor." Petitioner subsequently filed a grievance which was ultimately denied by the Central Office Review Committee on the ground that the candy denied petitioner, although alcohol-free, would nevertheless impose an unreasonable future burden upon prison officials attempting to enforce a prison directive prohibiting inmates from receiving food items containing alcohol (see 7 NYCRR 724.4 [a] [5]; [b] [4]). After petitioner commenced this CPLR article 78 proceeding, Supreme Court agreed and dismissed his petition, prompting this appeal.

On appeal, petitioner seeks an order directing respondents to designate all food products containing chocolate liquor but not alcohol as permissible food items. In defense of its determination, respondents maintain that food products containing the term "liquor" on their labels necessarily connote alcohol; inmates are expressly prohibited from possessing food items containing alcohol (see 7 NYCRR 724.4 [a] [5]; [b] [4]). Respondents argue that were they required to change the existing regulation and permit items bearing the term "chocolate liquor," an unreasonable burden would be placed upon prison officials tasked with monitoring the large volume of packages that are received daily in correctional facilities statewide, because such officials would then be required to expend additional time and resources in examining the suspect packages further to determine whether, in fact, alcohol was present therein.

We conclude that this explanation provides a rational basis for respondents' actions. Notably, while petitioner correctly states that "chocolate liquor," as the term is generally used in the confectionary industry, does not contain alcohol, he provides no basis for his implied argument that all food products containing this ingredient or a variant thereof may also be presumed to be alcohol-free. In our view, it was not unreasonable for respondents to deny petitioner's grievance on the ground that this ingredient could easily be confused with other products that do contain alcohol in violation of the prison directive. Mindful of the necessary deference which we typically accord the judgment of prison officials in matters relating to institutional security (*see Matter of Nogueras v Coombe*, 242 AD2d 806, 806 [1997]; *Matter of Flowers v Sullivan*, 149 AD2d 287, 294 [1989], *appeal dismissed* 75 NY2d 850, 1004 [1990]), we cannot say that respondents' attempts to enforce its directive in this manner were arbitrary or capricious (*see Matter of Abdul-Matiyn v Commissioner of State of N.Y. Dept. of Correctional Servs.*, 252 AD2d 754, 755 [1998]; *Matter of Montgomery v Coughlin*, 194 AD2d 264, 268 [1993], *appeal dismissed* 83 NY2d 905 [1994]). Accordingly, Supreme Court properly dismissed the petition.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.