■ In the Matter of JOEL O'KEEFE, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [843 NYS2d 193]—

---

Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 12, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner, an inmate who is currently assigned to the special housing unit (hereinafter SHU), commenced this proceeding to challenge the denial of his grievance requesting smokeless tobacco and the policy of the Department of Correctional Services (hereinafter DOCS) which does not permit its possession and use by SHU inmates. Supreme Court dismissed the petition, and petitioner now appeals.

Initially, we note that, as respondents now concede, petitioner's application is in the nature of mandamus to review. Thus, Supreme Court erred in dismissing the petition for failing to state a cause of action for mandamus to compel. However, under the correct standard of review (see generally Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753 [1991]), dismissal of petitioner's application remains the appropriate result.

Petitioner contends that the DOCS policy denying smokeless tobacco to all SHU inmates violates their constitutional rights. However, this Court has previously upheld the constitutional validity of the particular regulations challenged by petitioner with respect to items such as a watch, a hairbrush, and personal photographs (see Matter of Malik v Coughlin, 157 AD2d 961 [1990]), and smokeless tobacco does not warrant a different result (see Matter of Bogle v Coughlin, 173 AD2d 992, 992-993 [1991]; see generally Matter of Nogueras v Coombe, 242 AD2d 806 [1997]; Matter of Marcelin v Coughlin, 193 AD2d 981 [1993]; Matter of Blades v Twomey, 159 AD2d 868 [1990]).

Petitioner also argues that respondents' policy not to permit SHU inmates to possess and use smokeless tobacco is arbitrary and capricious. To that end, petitioner attempts to link the prohibition against the use of smokeless tobacco by SHU inmates to the implementation beginning in 1999 of the DOCS policy banning indoor smoking, specifically contending that it was arbitrary and capricious for DOCS to ban smokeless tobacco in an effort to improve indoor air quality. However, smokeless tobacco was not a permitted item for SHU inmates prior to the implementation of the indoor smoking ban.* Consequently, petitioner's argument fails to support his claim and his challenge to the policy is unavailing.

---

* In 1998, 1999 and 2000, the permitted items for SHU inmates included cigarettes, cigars or small pouches of tobacco with papers (see former 7 NYCRR 302.2 [e] [2] [xviii]; 303.2 [f]; 303.3 [o]), but did not include any form of

Petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

smokeless tobacco. The current regulations do not permit any tobacco products (see 7 NYCRR 302.2 [e]; 303.2, 303.3).