■ In the Matter of MIKE HENRIQUEZ, Appellant, v DEPARTMENT OF CORRECTIONS, Respondent. [862 NYS2d 411]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 16, 2007 in Albany County, which partially granted petitioner's application, in proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Following the administrative reversal of a determination finding petitioner guilty of violating a prison disciplinary rule (*Matter of Henriquez v Goord*, 34 AD3d 962 [2006]), petitioner requested back pay for wages lost as the result of his removal from his prison job and placement in the special housing unit. Pursuant to Department of Correctional Services Directive No. 4802, petitioner was provided reimbursement in the amount of $36.45. Dissatisfied with that amount, he filed a number of grievances. The Central Office Review Committee denied his grievance concerning the amount of back pay awarded and found that it was properly calculated. Petitioner commenced this CPLR article 78 proceeding challenging that determination as well as a determination of the Inmate Grievance Review Committee denying his request to be reinstated to his former pay grade. Following joinder of issue, Supreme Court partially granted the petition to the extent of remitting the matter for a recomputation of the amount of petitioner's back pay,* but dismissed the remainder of the petition.

According to petitioner, Supreme Court improperly dismissed that part of the petition seeking reinstatement to petitioner's former pay grade. We disagree. A prison inmate does not have any statutory, constitutional or precedential right to a prison job (*see Matter of Foreman v Goord*, 302 AD2d 817 [2003]; *Matter of Semkus v Coughlin*, 139 AD2d 868, 869 [1988], *lv denied*

---

* We note that the Attorney General did not file a notice of appeal challenging Supreme Court's directive and, in fact, indicates in his brief that the "recomputation has been performed and is not at issue."

72 NY2d 808 [1988]). Since petitioner's prior pay grade was simply one attribute of his former employment, he is not entitled to restoration of his prior status (*see generally Matter of Mosher v Goord*, 300 AD2d 726 [2002]).

The remaining arguments raised by petitioner have been examined and found to be either unpersuasive or not properly before us.

Cardona, P.J., Mercure, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 2007 NY Slip Op 31960(U).]