◼ In the Matter of RICHARD FREJOMIL, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [872 NYS2d 746]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 1, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was denied a package of halva, a middle eastern confection, that was packaged in a two-pound plastic container. Petitioner filed a grievance that was denied by the facility superintendent. Upon review, the Central Office Review Committee (hereinafter CORC) upheld that determination. Supreme Court dismissed petitioner's application to annul CORC's determination, prompting this appeal.

We affirm. There can be no doubt but that correction facility officials must be accorded wide latitude in their efforts to ensure the safety and security of correctional facilities under their supervision and, in that regard, have the right, albeit, the obligation, to control what property is permitted to be introduced into these facilities (*see Matter of Marcelin v Coughlin*, 193 AD2d 981, 982 [1993]; *Matter of Blades v Twomey*, 159 AD2d 868, 869 [1990]). A determination regarding the confiscation of impermissible items, if rationally based, is entitled to deference and should not be disturbed unless there has been a showing that it was arbitrary and capricious (*see Matter of Sultan v Goord*, 8 AD3d 842, 843 [2004]; *Matter of Abdul-Matiyn v Commissioner of State of N.Y. Dept. of Correctional Servs.*, 252 AD2d 754, 755 [1998]).

Here, a sergeant at Great Meadow Correctional Facility confiscated the two-pound plastic container sent to petitioner because the contents appeared to "be a paste," which he considered to be "a condiment like a spread." The sergeant noted that Department of Correctional Services Directive No. 4911 specifically provides that a food item in this type of container could not be admitted into correction facilities if it weighed more than 16 ounces and, for that reason, confiscated the item. Petitioner claims that the paste-like substance in the plastic container was, in fact, halva—a candy—and that the regulation establishing the 16-ounce weight limitation did not apply to candy.[1] However, the container did not identify the paste as a candy—its label only listed its ingredients which simply served to confirm that it contained a food product for human consumption.[2] The facts as presented to the sergeant who confiscated the container established that the decision to do so was rationally based; the container he was presented with, beyond listing its ingredients, did not identify its contents, weighed more than 16 ounces and contained a paste which was a food stuff. These facts, taken together, establish that the decision to confiscate this package, as well as CORC's determination denying petitioner's grievance, were both based upon a rational interpretation of Directive No. 4911 (*see Matter of Vidal v Goord*, 48 AD3d 860, 860 [2008]; *Matter of Sultan v Goord*, 8 AD3d at 843).

CORC, by its determination, has not, as petitioner contends,

---

1. While all agree that the paste is a food product, they do not agree that it is a candy. Also, the regulations do not define when a food product is a candy.

2. It has been assumed that the container listed the ingredients since no claim has been made that it did not comply with that part of the directive that required that all food items must list their ingredients.

impermissibly added a requirement to its regulations that "candy items be labeled with the word 'candy' " for such items to be admitted into a facility. Rather, CORC found that the food item at issue here, when examined by the sergeant, failed to contain any information on the face of the container identifying its contents as a candy. CORC was merely emphasizing that when confiscated, the item did not appear to be a candy and was not labeled as such. Where a legitimate question exists as to identification of the contents of such a container—as it clearly did here—the Department of Correctional Services must be allowed to make an appropriate assessment of the situation and take what steps it reasonably believes are necessary to ensure the continued security of the facility under its charge (*see Matter of Encarnacion v Goord*, 24 AD3d 992, 992 [2005]; *Matter of Sultan v Goord*, 8 AD3d at 843; *Matter of Abdul-Matiyn v Commissioner of State of N.Y. Dept. of Correctional Servs.*, 252 AD2d at 755).

Insofar as CORC's determination may be read as denying the admission of halva in any size container, we would find such determination to be without any basis in the relevant regulations and, therefore, arbitrary. Nevertheless, since CORC affirmed the facility superintendent's determination that halva was a food item in an impermissibly large container, we affirm Supreme Court's judgment.

Peters, J.P., Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.