In the Matter of SHAWN GREEN, Petitioner, v MARK L. BRADT, as Superintendent of Elmira Correctional Facility, Respondent. [893 NYS2d 712]—

Petitioner commenced this CPLR article 78 proceeding challenging various determinations rendered by officials at the correctional facility where he was incarcerated. Among the determinations at issue were two determinations of the Central Office Review Committee (hereinafter CORC) denying two grievances that he had filed. In the first grievance, petitioner complained that, on the days that he had to report to the infirmary to receive his diabetic insulin injections, he was denied ac-

cess to recreation, showers and phones. Upon investigating this complaint, CORC determined that petitioner was given adequate access to recreation, showers as well as phones, and it denied his grievance. In the second grievance, petitioner complained that he was improperly removed from his job assignment in the recycling program. This grievance was also denied by CORC, but on the basis of safety and security concerns. The remaining determinations were rendered after four separate tier II disciplinary hearings wherein petitioner was found guilty of violating certain prison disciplinary rules.

Turning first to CORC's denial of petitioner's grievances, we note that it was incumbent upon petitioner to demonstrate that CORC's determinations were arbitrary and capricious or without a rational basis (*see Matter of Patel v Fischer*, 67 AD3d 1193, 1193 [2009]; *Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv dismissed and denied* 98 NY2d 642 [2002]). With regard to his first grievance, the record discloses that, notwithstanding the necessity of receiving periodic insulin injections at the infirmary, petitioner was still afforded access to recreation, showers and phones in accordance with applicable regulations (*see* 7 NYCRR 1704.6). Consequently, CORC's determination denying petitioner's first grievance was not irrational. As for the second grievance, we note that prison officials are accorded considerable deference in matters relating to institutional security (*see Matter of Sultan v Goord*, 8 AD3d 842, 843 [2004]) and find nothing irrational about the removal of petitioner from his job in the recycling program for this reason. Petitioner has no statutory or constitutional right to any particular prison job (*see Matter of Henriquez v Department of Corrections*, 53 AD3d 993, 993 [2008]), and his claim that the removal was discriminatory is not substantiated by the record.

Lastly, with respect to the prison disciplinary determinations at issue, we note that petitioner is precluded by his plea of guilty from challenging the finding of guilt of the charge of fighting as set forth in the third determination (*see Matter of Fews v Goord*, 54 AD3d 1073, 1074 [2008]). As for the determinations of guilt to the remaining charges, we find that the misbehavior reports and the hearing testimony provide substantial evidence supporting such determinations (*see Matter of Fuentes v Fischer*, 56 AD3d 919, 920 [2008]; *Matter of Randolph v Napoli*, 56 AD3d 832, 833 [2008]). Furthermore, there is no merit to petitioner's claim of hearing officer bias nor any basis upon which to conclude that the determinations at issue flowed from any alleged bias (*see Matter of Abdullah v Goord*, 36 AD3d 978, 979 [2007]).

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.