■ In the Matter of RONNIE COLE, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 774]——

Appeal from a judgment of the Supreme Court (Elliott, J.), entered May 23, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

An investigation revealed a conspiracy for petitioners' visitors to smuggle drugs into the prison in which he was incarcerated and, moreover, disclosed his plan to stage an armed escape from custody during a hospital visit. In 2006, petitioner was disciplined for that conduct and his visitation privileges were revoked. He requested that his visitation privileges be restored in 2011 and, after his application was denied by the prison superintendent, he sought review via the inmate grievance program (see 7 NYCRR former 200.5 [d]; 701.1 [c]). Petitioner's grievance was ultimately denied by the Central Office Review Committee, leading him to commence the present CPLR article 78 proceeding. Supreme Court dismissed the petition following joinder of issue, and this appeal ensued.

We affirm. In reviewing the "denial of petitioner's grievance, our inquiry is limited to whether it was 'irrational, arbitrary and capricious or affected by an error of law' " (*Matter of Abreu v Fischer*, 97 AD3d 877, 878 [2012], *appeal dismissed and lv denied* 19 NY3d 1096 [2012], quoting *Matter of Abreu v Fischer*, 87 AD3d 1213, 1213 [2011]). The prison superintendent appropriately relied upon petitioner's institutional record and past history, however, in refusing to reinstate his visitation privileges (*see* 7 NYCRR former 200.5 [d]). We thus cannot say that the denial of petitioner's grievance was irrational. Petitioner's remaining arguments have been examined and found to lack merit.

Peters, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.