Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review (1) two determinations of respondent Superintendent *1230 of Coxsackie Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules and (2) a determination of respondent Central Office Review Committee denying his grievance.
Petitioner, a prison inmate, received a misbehavior report charging him with possession of contraband and an altered item after a search of his property revealed cooking utensils and an altered electrical device. Petitioner received a second misbehavior report the same day charging him with making threats, harassment, creating a disturbance and interference stemming from a confrontation with a correction officer in the law library during which he was alleged to have yelled at the officer and pointed at him in a threatening manner. Following separate tier II disciplinary hearings, petitioner was found guilty of both charges in the first misbehavior report and guilty of interference and creating a disturbance with regard to the second misbehavior report. The finding of guilt with regard to each misbehavior report was affirmed upon administrative appeal. Earlier, petitioner had filed a grievance alleging that he was being denied a job in the law library for discriminatory and retaliatory reasons. Ultimately, the denial of his grievance was upheld by respondent Central Office Review Committee. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge both disciplinary determinations and the denial of his grievance.
With regard to the first misbehavior report, substantial evidence supports the finding of guilt based upon the misbehavior report alone, particularly where petitioner refused to present evidence, call witnesses or answer the Hearing Officer’s question as to whether the discovered items belonged to him (see Matter of Green v Bradt, 91 AD3d 1235, 1237 [2012], lv denied 19 NY3d 802 [2012]; Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1302 [2011]). Petitioner’s remaining claims regarding that misbehavior report were not preserved as he failed to raise them at the hearing (see Matter of Rosales v Prack, 112 AD3d 1025, 1026 [2013], lv denied 22 NY3d 865 [2014]; Matter of Coates v Fischer, 108 AD3d 997, 998 [2013]). Turning to the second misbehavior report, the report itself, along with the testimony of an inmate witness who related that petitioner had engaged in an argument with a correction officer about grievances, provide substantial evidence to support the finding of guilt with regard to the charge of creating a disturbance. Petitioner’s contention that the misbehavior report was issued in retaliation for grievances he had filed raised an issue of credibility to be resolved by the Hearing Officer (see Matter of *1231 Toliver v New York State Commr. of Corr. & Community Supervision, 114 AD3d 987, 987 [2014]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]). However, neither the report nor any testimony indicated that petitioner interfered with an employee in any manner and, thus, the determination finding him guilty of that charge must be annulled (see Matter of Fulton v Chase, 115 AD3d 1033, 1035 [2014]). However, inasmuch as no loss of good time was recommended and petitioner has already served his penalty, the matter need not be remitted for a redetermination of the penalty on the remaining violation (see Matter of Sylvester v Fischer, 108 AD3d 951, 952 [2013]).
Turning to the denial of petitioner’s grievance, our review is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law (see Matter of Hutchinson v Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903 [2014]; Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014]). Initially, we note that inmates have no statutory, constitutional or precedential right to hold any particular job within the prison (see Matter of Green v Bradt, 69 AD3d 1269, 1270 [2010], lv denied 14 NY3d 710 [2010]; Matter of Henriquez v Department of Corrections, 53 AD3d 993, 993 [2008]). Here, the record demonstrates that the denial of petitioner’s request to work in the law library was based upon his history of circumventing rules and violating policies and, accordingly, we cannot say that the denial of his grievance was irrational (see Matter of Cole v Fischer, 107 AD3d 1256 [2013]). We have examined petitioner’s remaining contentions and found them to be either unpreserved or without merit.
Peters, EJ., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.
Adjudged that the determination with respect to the second misbehavior report is modified, without costs, by annulling so much thereof as found petitioner guilty of interference; petition granted to that extent and the Superintendent of Coxsackie Correctional Facility is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed. Adjudged that the determination with respect to the first misbehavior report and the determination denying petitioner’s grievance are confirmed, without costs, and petition dismissed to that extent.