Matter of Peters v Sullivan (2018 NY Slip Op 00366)





Matter of Peters v Sullivan


2018 NY Slip Op 00366


Decided on January 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2018

523321

[*1]In the Matter of SCOTT PETERS, Appellant,
v
ANNE SULLIVAN, as Commissioner of Mental Health, Respondent.

Calendar Date: December 14, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Scott Peters, Marcy, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Collins, J.), entered June 1, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner possession of certain property.
Petitioner is civilly confined in a secure treatment facility pursuant to Mental Hygiene Law article 10. He challenged the confiscation of a storage bin and various office supplies, of which he was deprived due to the fact that they were either unauthorized items or authorized items not purchased from an approved vendor (see generally 14 NYCRR 527.11 [c] [1]). Petitioner argued that he had been wrongfully denied the privilege of purchasing items similar to authorized items and
contended that the items were equally safe as and of a greater quality than preauthorized items. Petitioner's challenge was denied, and that denial was affirmed on administrative review. Notably, petitioner was repeatedly informed that one reason for the denial was that, regardless of whether he had obtained property similar to that which was authorized, a policy under which residents were permitted to purchase property and then submit it for individual approval was too onerous for staff. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination, and Supreme Court dismissed petitioner's application. Petitioner now appeals.
We affirm. We will not disturb respondent's determination unless it is irrational, [*2]arbitrary, capricious or affected by an error of law (see CPLR 7803 [3]; Matter of Cole v Fischer, 107 AD3d 1256, 1256 [2013]; Matter of Frejomil v Fischer, 59 AD3d 790, 791 [2009]). Initially, petitioner does not contend that any of the items that were confiscated were authorized items acquired from approved vendors (see Matter of Davis v Fischer, 76 AD3d 1152, 1152 [2010]). Further, we find that respondent's requirement that petitioner purchase authorized items from approved vendors is rational as it promotes legitimate institutional goals, including institutional safety. In addition, it is rational to have a procedure that gives residents access to preauthorized items rather than requiring staff to assess the safety and appropriateness of any individual item that a resident wishes to possess (see Matter of Frejomil v Fischer, 59 AD3d at 791). Moreover, and contrary to petitioner's claim, his statutory entitlement to "a reasonable amount of safe storage space for clothing and other personal property" does not entitle him to the storage bin of his choice (Mental Hygiene Law § 33.02 [a] [7]). Petitioner's complaint regarding a policy that he alleges requires families to purchase stationery items and then repackage them in order to send them to residents is unpreserved for our review (see Matter of Williams v Goord, 47 AD3d 1170, 1171 [2008]). Given the foregoing, we find no basis to disturb respondent's determination.
Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.