Matter of Jeanty v Annucci (2023 NY Slip Op 02818)

Matter of Jeanty v Annucci

2023 NY Slip Op 02818

Decided on May 25, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 25, 2023

535870 
[*1]In the Matter of Patrick Jeanty, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Patrick Jeanty, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Chris Liberati-Conant of counsel), for respondents.

Garry, P.J.
Appeal from a judgment of the Supreme Court (Richard Mott, J.), entered June 13, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.
In April 1998, petitioner was convicted of various crimes, including felony murder, and, as reflected in his amended sentence and commitment papers, was sentenced as a second violent felony offender to a prison term totaling 75 years to life and was ordered to pay restitution in the amount of $19,591.74. In June 2021, petitioner filed a grievance, alleging that the Department of Corrections and Community Supervision (hereinafter DOCCS) was illegally encumbering his institutional account after April 2018 because, pursuant to CPLR 211 (b), the court-ordered restitution, which amounted to a money judgment, was deemed expired after the passage of 20 years. Petitioner's grievance was denied by the Central Office Review Committee as there were no documents directing that the collection of such restitution payments stop. Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. "Judicial review of the denial of an incarcerated individual's grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Simpson v State of N.Y. [DOCCS], 202 AD3d 1245, 1246 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Johnson v Annucci, 208 AD3d 1413, 1414 [3d Dept 2022]). It is well settled that DOCCS is "conclusively bound" by, and cannot disregard, the contents of the commitment papers accompanying an incarcerated individual (Matter of Murray v Goord, 1 NY3d 29, 32 [2003] [internal quotation marks and citation omitted]; see Matter of Hunt v Annucci, 201 AD3d 1112, 1113 [3d Dept 2022], lv denied 38 NY3d 907 [2022]). Petitioner's sentence and commitment papers direct that the court-ordered restitution be deducted from petitioner's wages. There is no additional documentation establishing a change in the terms of the collection of the court-ordered restitution as set forth in the sentence and commitment papers, and DOCCS is required to comply with the terms of existing commitment papers until such time as the court-ordered restitution is satisfied or additional documentation from the sentencing court is submitted amending the court-ordered restitution. Finally, petitioner's reliance upon CPLR 211 is misplaced; that rule applies to civil actions to enforce money judgments and, as Supreme Court held, this criminal restitution obligation serves a broader purpose (see People v Marone, 68 AD3d 1443, 1445 [3d Dept 2009], lv denied 14 NY3d 711 [2010]). Moreover, and contrary to petitioner's assertion, the periodic payments made by petitioner would serve to extend the statutory [*2]limitations period pursuant to CPLR 211 (b). Accordingly,we do not find the determination denying petitioner's grievance "to be irrational, arbitrary and capricious or affected by an error of law" (Matter of Scott v Fischer, 96 AD3d 1110, 1111 [3d Dept 2012] [internal quotation marks, brackets and citation omitted], lv denied 19 NY3d 815 [2012]; see Matter of Kalwasinski v Central Off. Review Comm., NYS DOCCS, 150 AD3d 1514, 1515 [3d Dept 2017]).
Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.