Matter of Arriaga v Quick (2023 NY Slip Op 05434)

Matter of Arriaga v Quick

2023 NY Slip Op 05434

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

535743
[*1]In the Matter of Anthony Arriaga, Appellant,
v
Quandera T. Quick, as Inmate Grievance Program Supervisor, et al., Respondents.

Calendar Date:October 6, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Mackey, JJ.

Anthony Arriaga, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

Appeal from a judgment of the Supreme Court (Patrick McGrath, J.), entered June 23, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Central Office Review Committee denying petitioner's grievance.
Petitioner, an incarcerated individual, was sent a package containing sneakers that was received at the correctional facility package room. The sneakers were withheld from petitioner because their value appeared to be over the $80 maximum value allowed for clothing, including sneakers, sent or brought into the facility at that time pursuant to Department of Corrections and Community Supervision Directive No. 4911.[FN1] Petitioner filed a grievance, contending that the sneakers were within the value outlined in Directive No. 4911. The Inmate Grievance Review Committee denied the grievance, stating that its investigation determined that the sneakers actually cost more than $80, and the denial was ultimately upheld by respondent Central Office Review Committee (hereinafter respondent). Petitioner then commenced this CPLR article 78 proceeding challenging the denial of his grievance. Following joinder, Supreme Court dismissed the petition. This appeal ensued.
"Judicial review of the denial of an incarcerated individual's grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Jeanty v Annucci, 216 AD3d 1386, 1386 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Johnson v Uhler, 205 AD3d 1277, 1277 [3d Dept 2022]). "Correction officials are to be accorded wide latitude in taking measures to ensure the safety and security of correctional facilities, which extends to determining the property permitted in such facilities" (Matter of Sanchez v NYS DOCCS, 194 AD3d 1170, 1171 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]).
At the time in question, Directive No. 4911 permitted incarcerated individuals to receive articles of clothing, including sneakers, that did not exceed a value of $80. Notably, Directive No. 4911 further advises that "[f]or the purposes of this Directive, the value of an article shall be the actual purchase price, not including any tax, shipping or handling" (Dept of Corr & Community Supervision Directive No. 4911 § III [A] [4]). The record reflects that the sneakers were withheld upon arrival at the facility due to a concern that they exceeded the $80 value. Facility personnel conducted an Internet search of the specific sneakers that revealed that the retail price of the sneakers at various stores was between $110 and $140. Petitioner, however, presented a sales receipt that indicates that the sneakers sent to him were purchased at a store for $71. Initially, contrary to petitioner's contention, a facility may conduct an investigation in order to authenticate a receipt to ensure that an item is within the value [*2]limits of Directive No. 4911 (see generally Matter of Cliff v Brady,290 AD2d 895, 896 [3d Dept 2002], lv dismissed & denied 98 NY2d 642 [2002]). That said, the determinative factor in assessing the value of an item sent to a facility is its purchase price. Many factors may influence an item's purchase price and items are routinely purchased for less than the suggested retail price. In our view, although an Internet search reflected that the list price for the sneakers at other stores is at least $110, the disparity between this price and the purchase price of $71 on the receipt does not, without more, provide a rational basis for determining that the receipt must not be authentic. As such, respondent's denial of petitioner's grievance was arbitrary and capricious (see Matter of James v Fischer, 102 AD3d 1019, 1020 [3d Dept 2013]; Matter of Frejomil v Fischer, 68 AD3d 1371, 1373 [3d Dept 2009]; Matter of Raqiyb v Eagen, 277 AD2d 528, 529-530 [3d Dept 2000]). Petitioner's remaining claims are academic.
Garry, P.J., Aarons, Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondent Central Office Review Committee for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: As of May 2023, the maximum value for clothing was increased to $90 in Directive No. 4911.