Matter of Barletta v Martuscello

2026 NY Slip Op 03212

May 21, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Daniel A. Barletta, Appellant,

v

Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Decided and Entered:May 21, 2026

CV-25-0872

Calendar Date: April 17, 2026

Before: Pritzker, J.P., Ceresia, Mcshan, Mackey And Corcoran, JJ.

Daniel A. Barletta, Elmira, appellant pro se.

Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

[*1]

Appeal from a judgment of the Supreme Court (Christina Ryba, J.), entered April 25, 2025 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Central Office Review Committee denying petitioner's grievance.

In February 2024, petitioner, an incarcerated individual, filed a grievance contesting relevant provisions in Department of Corrections and Community Supervision Directive No. 4911 that instituted a new package policy prohibiting incarcerated individuals from receiving food packages from family members and requiring incarcerated individuals to make any food purchases through approved commercial vendors. In March 2024, the Incarcerated Grievance Resolution Committee recommended that the facility superintendent review the grievance, who in turn referred the matter to the Central Office Review Committee (hereinafter CORC) on or about March 19, 2024. In the interim, petitioner commenced this proceeding requesting that Directive No. 4911 be amended to allow delivery of food from people other than approved vendors. In lieu of answering, respondent moved to dismiss the proceeding for petitioner's failure to exhaust his administrative remedies because CORC had not yet issued a determination. Soon thereafter, CORC issued a determination denying the grievance, and Supreme Court denied respondent's motion to dismiss and directed respondent to answer. Following joinder of issue, Supreme Court dismissed the petition, finding that CORC's determination is supported by a rational basis, not arbitrary and capricious and based upon specific institutional safety concerns. This appeal ensued.

"Judicial review of the denial of an incarcerated individual's grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Jeanty v Annucci, 216 AD3d 1386, 1386 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Arriga v Quick, 220 AD3d 1147, 1148 [3d Dept 2023]). "Correction officials are to be accorded wide latitude in taking measures to ensure the safety and security of correctional facilities, which extends to determining the property permitted in such facilities" (Matter of Arriga v Quick, 220 AD3d at 1148 [internal quotation marks and citations omitted]; accord Matter of James v Fischer, 102 AD3d 1019, 1019 [3d Dept 2013]).

Directive No. 4911, which governs property and items that may be received by incarcerated individuals through correctional facility package rooms, prohibits incarcerated individuals from receiving, among other things, food items that are prepared and/or packaged from home and sent by family and/or friends (see Dept of Corr & Community Supervision Directive No. 4911, § IV [d], [Attachment A-1]). The directive provides that all external/outside food items must be ordered from a vendor that is not on the disapproved vendor list, and incarcerated [*2]individuals may receive up to three food packages per month from such vendors(see NY St Dept of Corr & Community Supervision Directive No. 4911, § IV [d], [Attachment A-1]). Notwithstanding the directive's restrictions, an incarcerated individual may still receive various healthy food items, including fresh fruits and vegetables that must be commercially packaged and airtight in hermetically sealed containers.

In denying petitioner's grievance, CORC explained that the above policies were implemented to create a safer environment within the facility by decreasing facility violence and overdoses due to the introduction of contraband, illicit drugs and weapons through items received in the package room. CORC further explained in its determination that products and food items that do not meet the directive's criteria can easily spoil or be tampered with prior to being sent to and received by the facility. Inasmuch as correctional facility officials "are accorded considerable deference in matters relating to institutional security" (Matter of Green v Bradt, 69 AD3d 1269, 1270 [3d Dept 2010], lv denied 14 NY3d 710 [2010]; see Matter of Shoga v Annucci, 122 AD3d 1180, 1181 [3d Dept 2014]), and CORC's determination expressly articulated facility safety and/or security justifications for instituting the challenged provisions of Directive No. 4911, we discern no reason to disturb CORC's denial of petitioner's grievance which we find to be rational and not arbitrary and capricious (see Matter of Kairis v Fischer, 149 AD3d 1427, 1428 [3d Dept 2017]; Matter of Sultan v Goord, 8 AD3d 842, 843 [3d Dept 2004]). To the extent that petitioner's remaining contentions, including his procedural claims, are properly before us, they have been considered and found to be lacking in merit.

Pritzker, J.P., Ceresia, McShan, Mackey and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed, without costs.