In the Matter of Tyheem Yefya Keesh, Appellant, v Joseph T. Smith, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [872 NYS2d 743]—

Peters, J. Appeal from a judgment of the Supreme Court (Hard, J.), entered January 17, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, ordered two jogging suits from an outside vendor. When the jogging suits arrived at the facility and were inspected, the tops thereto were classified as sweatshirts with zippers, which are prohibited under Department of Correctional Services Directive No. 4911(V) (Attachment D) (E) (4) (d). Petitioner thereafter filed a grievance contending, among other things, that he arbitrarily was denied the jogging suit tops based upon alleged religious discrimination. Ultimately, the Central Office Review Committee (hereinafter CORC) denied petitioner's grievance, prompting him to commence this proceeding pursuant to CPLR article 78 to challenge that determination. Upon finding no basis for petitioner's claim of religious discrimination, Supreme Court dismissed the application and this appeal ensued.

We affirm. In order to prevail, petitioner was required to demonstrate that CORC's determination was irrational or arbitrary and capricious (see Matter of Williams v Goord, 41 AD3d 1118 [2007], lv denied 9 NY3d 812 [2007]; Matter of Matos v Goord, 27 AD3d 940, 941 [2006]). This he failed to do. Preliminarily, the record is bereft of any evidence to support petitioner's conclusory claims of religious discrimination. As to the substance of the grievance, the cited directive plainly imposes a "no zippers" restriction upon sweatshirts and sweatpants (see Department of Correctional Services Directive No. 4911 [V] [Attach-

ment D] [E] [4] [d]), and we perceive no irrationality in CORC's determination that a jogging suit top qualifies as a zippered sweatshirt. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.