■ In the Matter of ROY GREEN, Appellant, v LUCIEN LECLAIRE, as Commissioner of Correctional Services, et al., Respondents. [881 NYS2d 920]—

Mercure, J. Appeal from a judgment of the Supreme Court (Work, J.), entered November 30, 2007 in Ulster County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to comply with certain rules and regulations.

Petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, submitted a grievance claiming that prison of-

ficials had not properly documented an inspection of his cell as allegedly required by Department of Correctional Services Directive No. 4910 (hereinafter directive 4910). The grievance was denied by the Central Office Review Committee, and petitioner commenced this CPLR article 78 proceeding seeking to compel respondents to follow the documentation requirements of directive 4910 when conducting security inspections. Supreme Court ultimately determined that directive 4910 distinguishes between a "cell search" and a visual security "inspection," and that logs are required only for the former. Petitioner now appeals.

Inasmuch as petitioner has made no showing of a clear legal right to the relief sought, we affirm (*see Matter of Schmitt v Skovira*, 53 AD3d 918, 920 [2008]). Petitioner does not now dispute that his cell was subjected to a security inspection, as opposed to a cell search; rather, his challenges before us concern only the lack of documentation arising out of the security inspection. Although petitioner accurately observes that all cell searches must be logged (*see* Department of Correctional Services Directive No. 4910 [V] [F] [1]), there is no corresponding requirement for security inspections. We note that a cell search differs from a security inspection in that a search involves the physical examination of every item contained in a prisoner's cell, while a security inspection encompasses areas beyond cells, is intended to ensure that "all security apparatus and living quarters equipment are present, intact and functional," and does not require a security staff member to physically scrutinize an inmate's personal belongings (Department of Correctional Services Directive No. 4910 [V] [A] [3]). Thus, while respondents concede that directive 4910 requires that the results of a security inspection be reported to the facility superintendent (*see* Department of Correctional Services Directive No. 4910 [V] [A] [3]), they correctly argue that this reporting requirement cannot be construed as a directive to prepare individualized logs of cell inspections undertaken as part of a broader security inspection of a facility.

Petitioner's remaining arguments have been reviewed and found to be lacking in merit.

Cardona, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.