■ In the Matter of DAVID BINKLEY, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [881 NYS2d 922]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered October 7, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner, an inmate at Sing Sing Correctional Facility in Westchester County, was denied receipt of Japanese language "Kanji" flash cards received through the facility package room. Petitioner thereafter filed a grievance, describing the prohibited items as "black and white printed cards for the purpose of memorizing Japanese writing and vocabulary items." Ultimately, the Central Office Review Committee denied petitioner's grievance, after which petitioner commenced this proceeding pursuant to CPLR article 78 to challenge that determination. Supreme Court dismissed petitioner's application, and this appeal ensued.

We affirm. Correction officials are granted wide latitude in controlling what property may be introduced into facilities under their supervision in an effort to ensure safety and security (*see Matter of Frejomil v Fischer*, 59 AD3d 790, 791 [2009]; *Matter of Sultan v Goord*, 8 AD3d 842, 843 [2004]). Thus, decisions in this regard will only be disturbed upon a finding that they were arbitrary and capricious (*see Matter of Keesh v Smith*,

59 AD3d 798, 798-799 [2009]; *Matter of Frejomil v Fischer*, 59 AD3d at 791). Here, petitioner was denied receipt of the flash cards inasmuch as they were not specifically permitted pursuant to the regulations (*see* Dept of Correctional Servs Directive No. 4911 § V [Attachment D § F-3]). Moreover, petitioner's contention that the denial of the cards constituted an infringement upon his free exercise of religion was not raised in his grievance and, therefore, is not properly before us (*see Matter of Jarvis v Pullman*, 297 AD2d 842, 843 [2002]). Thus, we find that the determination was based on a rational interpretation of the directive and we decline to disturb it (*see Matter of Frejomil v Fischer*, 59 AD3d at 791).

Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P.J., Spain, Kane, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.