■ In the Matter of VINOD PATEL, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 113]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered April 7, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a determination of the Central Office Review Committee which denied his grievance requesting that he be provided with a strict vegetarian diet, in accordance with his religious beliefs and medical condition. Supreme Court dismissed the petition, prompting this appeal.

We affirm. To prevail, petitioner must demonstrate that the Central Office Review Committee's determination was arbitrary and capricious or without a rational basis (*see Matter of Keesh v Smith*, 59 AD3d 798, 798 [2009]; *Matter of Matos v Goord*, 27 AD3d 940, 941 [2006]). Petitioner has failed to make the necessary showing. As relevant here, Department of Correctional Services Directive No. 4202 directs that inmates may refrain from eating foods that are contrary to their religious beliefs and are to be provided a nutritionally adequate religious alternative menu upon validation of their religious needs. The record reveals that petitioner was provided a religious alternative

menu. Petitioner contends, however, that at times this menu contains fish, eggs and chicken, which is against his religious belief in a strict vegetarian diet. In rebuttal, respondent submitted an affidavit from the Assistant Director of the Department of Correctional Services Office of Nutritional Services, a registered dietician, who opined that if petitioner eats the food offered in the religious alternative menu, but omits the poultry, fish and egg portions, he will still be eating a nutritionally adequate diet. Respondent also submitted an affidavit from the physician assigned to petitioner's correctional facility who, based on a review of petitioner's medical records and the results of tests performed on petitioner, opined that there is no medical reason for changing petitioner's diet. Accordingly, as the record supports a finding that petitioner is already being provided with a diet that is nutritionally adequate without requiring him to compromise his religious beliefs or affecting any medical condition, the denial of his grievance requesting a different diet cannot be characterized as irrational or arbitrary and capricious.

Mercure, J.P., Spain, Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.