In the Matter of RICHARD FREJOMIL, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [891 NYS2d 208]—

Garry, J.

Petitioner, an inmate at Great Meadow Correction Facility in Washington County, filed a grievance pursuant to the Inmate Grievance Program (*see* 7 NYCRR part 701) seeking clarification of a certain provision of Department of Correctional Services Directive No. 4911. Specifically, petitioner's grievance challenged the application of Directive No. 4911, Attachment D (A) which, as relevant herein, states that "[i]tems, except for fresh fruits and vegetables, must be received commercially pack-

aged in airtight hermetically sealed containers impervious to external influence (e.g., sealed cans, heat sealed plastic bags, vacuum sealed pouches, vacuum sealed plastic jars, glue sealed paper or cardboard boxes with the inside product being hermetically sealed, etc.)." The grievance was ultimately denied by the Central Office Review Committee (hereinafter CORC), which found that "all food items packaged in glue sealed paper must have the inside product hermetically sealed." Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 and Supreme Court dismissed the petition. Petitioner appeals and we now modify.

To prevail, petitioner must carry the heavy burden of demonstrating that the determination by CORC was irrational or arbitrary and capricious (*see Matter of Keesh v Smith*, 59 AD3d 798, 798 [2009]; *Matter of Clark v Fischer*, 58 AD3d 932, 932 [2009]). Petitioner has met that burden. The challenge to the interpretation of the directive involves (1) whether products contained in "glue sealed paper" containers require that the inside product be further hermetically sealed and (2) whether products contained in other types of containers that are already hermetically sealed, i.e., "vacuum sealed plastic jars," require the inside product to be further hermetically sealed.*

The clear intention of the directive is to ensure that any package received by an inmate has some type of hermetic seal put in place by the manufacturer to insure that the product has not been tampered with prior to its introduction into the facility. Thus, with regard to products contained in glue sealed paper containers—such as candy bars, cookies and potato chips—the determination by CORC is rational, inasmuch as this type of packaging does not render the inside products "impervious to external influence" (Department of Correctional Services Directive No. 4911, Attachment D[A]). We further find, however, that to require a product packaged in a vacuum sealed plastic jar or similar container, that is hermetically sealed using glued paper

* While respondent characterizes petitioner's argument as only challenging the directive as it has been applied to "glue sealed paper" containers, a fair reading of his papers indicates a more expansive challenge. For instance, petitioner lists in his grievance, as an example of items being confiscated under the directive, "2 vacuum sealed, plastic jars of Taster's Choice coffees, *glue sealed foil*" and, upon administrative appeal, submitted pictures of the specific items he contends were being improperly confiscated. Additionally, an internal document prepared by respondent summarized petitioner's grievance as stating that "[v]acuum sealed plastic jars (e.g. coffee/creamers, etc.) among other items with a glued foil seal are being denied based on staff's interpretation of 4911 D-(A) General Restrictions, specifically the portion '. . . glued seal paper or cardboard boxes (with the inside product hermetically sealed).' "

or foil, to have its inside product also hermetically sealed would be redundant and, therefore, represents an irrational interpretation of the directive. Consequently, CORC's denial of that part of petitioner's grievance was arbitrary and capricious (*see Matter of Raqiyb v Eagen*, 277 AD2d 528, 528-529 [2000]).

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition as challenged the interpretation of Department of Correctional Services Directive No. 4911 holding that vacuum sealed plastic jars and similar containers that are hermetically sealed must also have the inside product hermetically sealed or they are in violation of said directive; grant the petition to said extent and matter remitted to the Central Office Review Committee for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.