Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) *726 to review (1) a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of the Central Office Review Committee which denied petitioner’s grievance.
Petitioner, a prison inmate, was removed from a mess hall program after initiating conversations of a personal nature with a female correction officer. Thereafter, while in an area where he was not authorized to be, petitioner questioned the officer as to why he had been removed from the program. As a result, petitioner was charged in a misbehavior report with stalking, harassment, being out of place and leaving his assigned area without authorization. A tier III disciplinary hearing ensued, during which petitioner pleaded guilty to being out of place and leaving his assigned area and after which he was found guilty of harassment. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to contest the determination of guilt, as well as to challenge the Central Office Review Committee’s denial of a grievance he filed with regard to his removal from the mess hall program.
Initially, with regard to the charges of being out of place and leaving his assigned area without authorization, petitioner is foreclosed from challenging the determination by virtue of his admissions of guilt during the hearing (see Matter of Bosquet v Bezio, 69 AD3d 1257, 1258 [2010]; Matter of Green v Bradt, 69 AD3d 1269, 1270 [2010], lv denied 14 NY3d 710 [2010]). Furthermore, as to the harassment charge, we find that the misbehavior report, the hearing testimony and the supportive memoranda provide substantial evidence to support the finding of guilt (see Matter of Wilson v Artus, 71 AD3d 1294, 1295 [2010]; Matter of James v Fischer, 58 AD3d 981, 981 [2009]). Lastly, given that petitioner was removed from the mess hall program because of his violation of the disciplinary rule prohibiting inmates from communicating messages of a personal nature to an employee (see 7 NYCRR 270.2 [B] [8] [ii]), he has failed to demonstrate that the denial of his grievance was arbitrary and capricious or without a rational basis (see Matter of Green v Bradt, 69 AD3d at 1270; Matter of Patel v Fischer, 67 AD3d 1193, 1193 [2009], lv denied 14 NY3d 703 [2010]). Petitioner’s remaining contentions have been examined and determined to be without merit.
Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.