■ In the Matter of RAYMOND EASTWOOD, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [915 NYS2d 765]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 16, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, filed a grievance when employees in the facility's package room denied him a package containing cigarette "tubes." Ultimately, the Central Office Review Committee denied the grievance, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the application and petitioner now appeals.

We reverse. While prison officials should be accorded wide latitude in decisions made to preserve the safety and security of the facilities under their supervision, particularly with regard to property that is permitted to be introduced into these facilities (*see Matter of Davis v Fischer*, 76 AD3d 1152 [2010]; *Matter of Marcelin v Coughlin*, 193 AD2d 981, 982 [1993]), such decisions must, nevertheless, be rationally based to be entitled to deference (*see Matter of Frejomil v Fischer*, 59 AD3d 790, 791 [2009]; *Matter of Sultan v Goord*, 8 AD3d 842, 843 [2004]). Here, the record demonstrates that cigarette tubes are commercially pre-rolled cigarettes absent the tobacco. In light of the fact that,

pursuant to Department of Correctional Services Directive No. 4911, Attachment D, inmates are permitted to possess cigarettes, cigarette rollers, cigarette papers and loose tobacco, items substantially similar to the confiscated items here, we find that the Central Office Review Committee has not articulated the grounds for denial with sufficient particularity to determine whether such decision had a rational basis.

Cardona, P.J., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.