*878 While incarcerated at Great Meadow Correctional Facility in Washington County, petitioner filed a grievance challenging the limitations placed upon the amount of personal property he was permitted to possess. Specifically, petitioner indicated that he had three to four bags of active legal papers related to 20 pending lawsuits, as well as three to four bags of other personal property, but was allowed to have a total of only five bags under the Department of Corrections and Community Supervision’s Directive No. 4913. Hence, petitioner complained, he was required to send home or destroy three bags of personal property in order to comply with the directive. The Inmate Grievance Resolution Committee considered the grievance but was unable to agree upon a mutually acceptable result. The Superintendent of the facility, however, denied petitioner’s grievance, and three bags of his personal property were mailed to an address he provided. The denial of petitioner’s grievance was upheld by respondent Central Office Review Committee (hereinafter CORC). Petitioner then commenced this CPLR article 78 proceeding challenging CORC’s determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.
We affirm. In reviewing CORC’s denial of petitioner’s grievance, our inquiry is limited to whether it was “irrational, arbitrary and capricious or affected by an error of law” (Matter of Abreu v Fischer, 87 AD3d 1213, 1213 [2011]). Directive No. 4913 states, in pertinent part, that “[n]o inmate shall possess property (combined state and personal property), including legal material, in excess of that which can be placed in four (4) standard Departmental draft bags.” It further provides that “[a]n inmate with excess legal material may possess one additional draft bag of legal material upon demonstrating that such material pertains to active legal cases.” Thus, under directive No. 4913, an inmate essentially is limited to five bags of personal property. As noted in a memorandum by respondent Commissioner of Corrections and Community Supervision, this limitation is designed to address significant and wide-ranging problems resulting from the accumulation of excessive personal property by inmates, including, among other things, fire and safety hazards, sanitation and hygiene issues, theft and pilferage concerns, as well as escalating storage expenses. We have *879 recognized that correction officials are to be accorded wide latitude in taking measures to ensure the safety and security of correctional facilities, which extends to determining the property permitted in such facilities (see Matter of Davis v Fischer, 76 AD3d 1152 [2010]; Matter of Binkley v New York State Dept. of Correctional Servs., 64 AD3d 1063, 1063 [2009], lv denied 13 NY3d 886 [2009]). In view of this, as well as the many legitimate reasons for limiting the amount of property that inmates may possess, we conclude that CORC’s denial of petitioner’s grievance was not irrational, arbitrary and capricious or affected by an error of law (see Matter of Green v Fischer, 77 AD3d 1011, 1012 [2010], lv denied 16 NY3d 710 [2011]; Matter of Davis v Fischer, 76 AD3d at 1152). We have considered petitioner’s remaining claims and find them either to be without merit or more properly the subject of a separate proceeding.
Peters, EJ., Lahtinen, Spain, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.