■ In the Matter of MARK JAMES, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [961 NYS2d 327]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered November 9, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.

While incarcerated at Great Meadow Correctional Facility in Washington County, petitioner was denied a package containing flavored cigars that was delivered to the package room. As a result, he filed a grievance claiming that the denial violated Department of Corrections and Community Supervision Directive No. 4911. Following an investigation, the Inmate Grievance Resolution Committee issued a split recommendation with the inmate representatives in favor of granting the grievance and the staff representatives opposed. The Superintendent of the facility ultimately denied the grievance. Petitioner appealed and the Central Office Review Committee (hereinafter CORC) upheld the denial. Petitioner then commenced this CPLR article 78 proceeding challenging CORC's determination. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

This Court has recognized that "correction officials are to be accorded wide latitude in taking measures to ensure the safety and security of correctional facilities, which extends to determining the property permitted in such facilities" (*Matter of Abreu v Fischer*, 97 AD3d 877, 878-879 [2012], *appeal dismissed* 19 NY3d 1096 [2012]; *see Matter of Frejomil v Fischer*, 59 AD3d 790, 791 [2009]). Decisions in this regard, however, must be

rationally based in order to be entitled to deference (*see Matter of Eastwood v Fischer*, 80 AD3d 1122, 1122 [2011]; *Matter of Frejomil v Fischer*, 68 AD3d 1371, 1372-1373 [2009]). Directive No. 4911, which governs property that may be received by inmates through correctional facility package rooms, specifically provides in Attachment D that inmates may receive cigars up to a maximum of 50 per month (*see* Dept of Corr & Community Supervision Directive No. 4911 [V] [Attachment D] [C] [d]). CORC denied petitioner's grievance on the basis of this directive, as well as the fact that it had denied similar grievances in the past. Significantly, however, the directive does not contain a prohibition for cigars that are flavored. Moreover, in denying petitioner's grievance, CORC did not articulate a safety or security justification for drawing this distinction, and we decline to perceive one. Accordingly, we must conclude under the circumstances presented that the denial of petitioner's grievance was arbitrary and capricious and without a rational basis (*see Matter of Eastwood v Fischer*, 80 AD3d at 1123; *Matter of Frejomil v Fischer*, 68 AD3d at 1373; *compare Matter of Davis v Fischer*, 76 AD3d 1152 [2010]; *Matter of Binkley v New York State Dept. of Correctional Servs.*, 64 AD3d 1063, 1064 [2009], *lv denied* 13 NY3d 886 [2009]).

Mercure, J.P., Lahtinen, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.