Appeal from a judgment of the Supreme Court (Platkin, J.), entered November 15, 2011 in Albany County, which dismissed petitioner’s application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review two determinations of the Central Office Review Committee denying his grievances.
During his incarceration, petitioner practiced the Native American religious faith and possessed religious items used in such practice. However, after he was transferred to Green Haven Correctional Facility in Dutchess County, he was no longer permitted to practice this faith nor to possess related religious items unless he submitted proof of his Native American ancestry. He filed two grievances as a result. They were both denied by the Central Office Review Committee (hereinafter CORC), which found that proof of petitioner’s Native American ancestry was required in order for him to be reinstated to the Native American religious program or to have related religious items returned to him. Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action to, among other things, challenge CORC’s determinations denying his grievances. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
It has been recognized that correction officials may impose restrictions on the religious practices of inmates provided that such restrictions are reasonably related to legitimate penological interests (see Jackson v Mann, 196 F3d 316, 320 [1999]; Fair v Smith, 93 AD3d 964, 966 [2012], appeal dismissed 19 NY3d 874 [2012]). Respondents candidly concede, and we agree, that CORC failed to articulate or otherwise identify any legitimate penological interest reasonably served by the documentation requirement. Consequently, we conclude that the determinations at issue are arbitrary, capricious and without a rational basis (see Matter of Green v Fischer, 96 AD3d 1247, 1248 [2012], lv denied 20 NY3d 855 [2013]; compare Matter of Patel v Fischer, 67 AD3d 1193, 1193-1194 [2009], lv denied 14 NY3d 703 [2010]; Matter of Keesh v Smith, 59 AD3d 798, 798-799 [2009]). *1224 In view of this, we reverse the judgment, annul the determinations and remit the matter to CORC to set forth the penological interests justifying the imposition of the documentation requirement under the circumstances presented (see Matter of Green v Fischer, 96 AD3d at 1248). We have considered petitioner’s remaining contentions and find them to be unpersuasive.
Rose, J.E, Lahtinen, Stein and Egan Jr., JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, determinations annulled, and matter remitted to the Central Office Review Committee for further proceedings not inconsistent with this Court’s decision.