■ In the Matter of BRUCE SWEEPER, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [966 NYS2d 693]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered February 29, 2012 in Albany County, which dismissed

petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating a prison disciplinary rule and (2) a determination of the Central Office Review Committee denying his grievance.

When a correction officer discovered that petitioner had an altered hot pot, it was confiscated. As a result, a tier I disciplinary hearing was conducted and petitioner was found guilty of possessing an altered item. The Hearing Officer imposed a disciplinary penalty of 13 days loss of recreation as well as the loss of one commissary buy. Petitioner's privilege of possessing a hot pot was thereafter revoked due to the disciplinary violation. He filed a grievance challenging the revocation. The grievance was denied and the denial was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the tier I determination as well as the determination denying his grievance challenging the revocation of his hot pot privilege. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we note that petitioner's challenge to the tier I determination is moot given that the penalty has already been served and the disciplinary determination is not part of petitioner's institutional record (*see* 7 NYCRR 252.5 [d]; *Matter of Shearer v New York State Dept. of Correctional Servs.*, 65 AD3d 1403 [2009]). As for the grievance challenging the revocation of his hot pot privilege, the record reveals that the revocation was conducted in accordance with the policy and procedure maintained by the correctional facility where petitioner was housed. There is nothing arbitrary, capricious or irrational about the discretionary decision to revoke petitioner's hot pot privilege given that possession of an altered hot pot presented a clear safety hazard (*see generally Matter of Abreu v Fischer*, 97 AD3d 877, 878 [2012], *appeal dismissed* 19 NY3d 1096 [2012]; *Matter of Green v Fischer*, 77 AD3d 1011, 1012 [2010], *lv denied* 16 NY3d 710 [2011]). Petitioner's remaining contentions have been considered and are unpersuasive. Therefore, Supreme Court properly dismissed the petition.

Rose, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.