Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 26, 2013, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying two grievances.
Petitioner filed two grievances alleging poor conditions of confinement while in an observation cell on suicide watch on September 7, 2013, and physical abuse and assault by the prison guards on September 9, 2013, both while incarcerated at Green Haven Correctional Facility. The grievances were consolidated and, after interviews of petitioner and facility staff, the Superintendent denied the requested relief based upon the referral of the allegations to the Office of the Inspector General (hereinafter the IG) for investigation (see 7 NYCRR 701.8 [d]). Petitioner appealed to the Central Office Review Committee (hereinafter CORC), which denied the grievances and upheld the Superintendent’s decision. CORC found that insufficient evidence had been presented to substantiate misconduct by staff, which was still being investigated by the IG, without mentioning the cell conditions grievance. According to the Attorney General, the IG investigated the abuse allegations and found that they were unsubstantiated, and closed the case in July 2013. Petitioner commenced this CPLR article 78 proceeding challenging CORC’s determination. Supreme Court dismissed the petition, and this appeal ensued.
“Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law” (Matter of Hutchinson v Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903 [2014] [citations omitted]). A review of the record, including confidential exhibits, confirms that, after a complete investigation, the abuse allegations were found to be unsubstantiated (see Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], ap *1181 peal dismissed 23 NY3d 955 [2014]). The record also supports CORC’s conclusion that petitioner was involved in an “appropriately documented use of force and unusual incident” when he assaulted staff on June 9, 2013, and that a medical evaluation of petitioner found no injuries.* With regard to petitioner’s request that cameras be installed in the infirmary, CORC appropriately deferred to prison officials in this matter, which relates to institutional security (see Matter of Green v Bradt, 69 AD3d 1269, 1270 [2010], lv denied 14 NY3d 710 [2010]). Further, monetary damage claims “may only be asserted in the Court of Claims” (Matter of Jones v Fischer, 110 AD3d at 1297). There being no irrationality or error of law, CORC’s denial of the abuse grievance will not be disturbed. Inasmuch as petitioner was transferred out of the Green Haven Correctional Facility, he is no longer aggrieved by the specific conditions of the observation cell at that facility and, thus, any arguments with regard to that grievance are moot (see Matter of Tafari v Leclaire, 79 AD3d 1539, 1540 [2010], lv denied 16 NY3d 709 [2011]; Matter of Rush v Bellamy, 71 AD3d 1298, 1298 [2010]; Matter of Bermudez v Fischer, 55 AD3d 1099, 1100 [2008] , lv denied 11 NY3d 714 [2009], cert denied 558 US 845 [2009] ).
Lahtinen, J.E, Stein, McCarthy, Rose and Egan Jr., JJ, concur.
Ordered that the judgment is affirmed, without costs.

 While CORC incorrectly stated that the prison disciplinary charges were pending when, in fact, they had been administratively reversed for procedural error, according to the Attorney General, the charges were later sustained after a rehearing and administratively affirmed.