# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1459**

**CA 13-01693**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF PETER SYLVESTER,
PETITIONER-APPELLANT,

V                                     MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered August 15, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that denied his inmate grievance while he was incarcerated at Attica Correctional Facility (Attica). Petitioner correctly concedes that two of the claims in his grievance are moot inasmuch as he has since been transferred to another correctional facility, and we agree with respondent that the third claim likewise presents no justiciable controversy. Petitioner's third claim was that Attica was improperly applying decisions rendered by the Central Office Review Committee (CORC) to inmates at Attica. According to petitioner's inmate grievance form, "CORC decisions that did not originate at grievant's current facility should not be applied to this facility." As an example, petitioner cited a CORC decision that prohibits inmates from possessing a particular brand of radios. Because "the rights of the parties cannot be affected by the determination of this appeal," it must be dismissed as moot (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Even assuming, arguendo, that the exception to the mootness doctrine applies with respect to petitioner's third claim (*see generally id.* at 714-715), we conclude that petitioner failed to demonstrate that respondent's denial of that claim was "arbitrary or capricious or without a rational basis" (*Matter of Patel v Fischer*, 67 AD3d 1193, 1193, *lv denied* 14 NY3d

703).

Frances E. Cafarell
Clerk of the Court