Devine, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered December 3, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Central Office Review Committee denying petitioner’s grievance.
*1071 Petitioner is an inmate at Attica Correctional Facility, which has been designated a “TV facility.” Such designation permits inmates to own and use personal televisions and is established after a majority of the effected inmate population votes for that option (see Dept of Corr & Community Supervision Directive No. 4921 §§ II, III [A]). As a result of that designation, the amount and type of packages that inmates may receive is restricted (see Dept of Corr & Community Supervision Directive No. 4921 § III [B]). Additionally, an inmate population will be allowed access to premium television channels if the Inmate Liaison Committee (hereinafter ILC) determines that the population is in favor of that additional service (see Dept of Corr & Community Supervision Directive No. 4556 § II [B]).
In October 2012, petitioner filed a grievance pertaining to the lack of access to premium television channels at Attica. The Superintendent of the facility denied the grievance and advised petitioner to contact the ILC staff representative. Upon petitioner’s appeal, the Central Office Review Committee (hereinafter CORC) upheld the Superintendent’s denial of the grievance.* Petitioner subsequently commenced this CPLR article 78 proceeding challenging the denial of his grievance, wherein he seeks an order directing respondents to establish access to premium channels. Petitioner also asserts, among other things, that the facility failed to comply with Department of Corrections and Community Supervision Directive No. 4921, claiming that there was no vote for personal televisions by the inmate population. He also seeks an order compelling respondents to, among other things, allow petitioner to receive monthly packages and directing respondents to conduct an inmate vote. Following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.
We affirm. Initially, we reject petitioner’s challenge to the denial of his grievance regarding Attica’s access to premium television channels. “Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law” (Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014] [internal quotation marks and citations omitted]; see Matter of Abreu v Fischer, 97 AD3d 877, 878 [2012], appeal dismissed and lv denied 19 NY3d 1096 [2012]). Department of Correc *1072 tions and Community Supervision Directive No. 4556 § II (B) provides that access to premium channels at a facility is permissible when the ILC determines that such service is desired by the inmate population. Here, CORC denied the grievance and directed petitioner to address his concerns to the ILC in accordance with the directive. As we discern no irrationality or error of law in the denial of petitioner’s grievance, it will not be disturbed.
Further, Supreme Court properly dismissed petitioner’s claims seeking to compel respondents to conduct a vote with respect to the use of personal televisions and to permit petitioner to receive unrestricted monthly packages. It is undisputed that Attica is an established “TV facility” and the record is bereft of any evidence indicating that such designation was not the result of a vote by the inmate population taken pursuant to Directive No. 4921 § III (A). Notably, once a vote has occurred and a facility is established as a “TV facility,” “the results will not be reversed” (Dept of Corr & Community Supervision Directive No. 4921 § III [A]). Consequently, respondents cannot be compelled to conduct a new vote. Moreover, as a result of that designation, petitioner’s receipt of packages was restricted in accordance with Directive No. 4921 § III (B). Thus, petitioner has failed to establish either “a clear legal right to the relief sought” (Matter of Johnson v Corbitt, 87 AD3d 1214, 1215 [2011], lv denied 18 NY3d 802 [2011]; see Matter of Green v Leclaire, 64 AD3d 1016, 1017 [2009], lv denied 13 NY3d 710 [2009]) or that Attica’s designation as a “TV facility” and the concomitant restriction of packages was arbitrary and capricious or an abuse of discretion (see Matter of Rodriguez v Parker, 38 AD3d 1021, 1022 [2007], lv denied 8 NY3d 816 [2007]). Petitioner’s remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.
Lahtinen, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner also filed two Freedom of Information Law requests seeking information regarding the vote for Attica’s designation as a "TV facility” and the funds that were available for the purchase of premium channels. Inasmuch as no relevant documentation existed as to either request, both were denied.