# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**129**

**CA 13-01694**

PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PETER SYLVESTER,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered August 15, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner filed a grievance against prison authorities contesting, inter alia, their denial of his request for a special diet on "high feast days" as required by his religion, Odinism. Petitioner commenced this CPLR article 78 proceeding challenging the denial of his grievance by respondent's Central Office Review Committee (Committee), and he now appeals from a judgment dismissing the petition. We affirm.

The Court of Appeals has stated that, in reviewing a determination by an administrative agency such as the Committee, "[i]f we conclude 'that the determination is supported by a rational basis, [we] must sustain the determination even if [this C]ourt concludes that it would have reached a different result than the one reached by the agency' " (*Matter of Wooley v New York State Dept. of Corr. Servs.*, 15 NY3d 275, 280, *rearg denied* 15 NY3d 841). Thus, in order to prevail, "petitioner must demonstrate that the . . . Committee's determination was arbitrary and capricious or without a rational basis" (*Matter of Patel v Fischer*, 67 AD3d 1193, 1193, *lv denied* 14 NY3d 703).

Here, we conclude that petitioner failed to make such a demonstration and, thus, Supreme Court properly dismissed the

petition.  "Preliminarily, the record is bereft of any evidence to support petitioner's conclusory claims of religious discrimination" (*Matter of Keesh v Smith*, 59 AD3d 798, 798).  In addition, the evidence in the record provides a rational basis to support the conclusion that the Committee properly denied petitioner's grievance after consulting "recognized religious authorities in the outside community" as mandated by Department of Corrections and Community Supervision Directive No. 4202 (II).  We take judicial notice of that regulation as a public record of the State of New York (*see Matter of Siwek v Mahoney*, 39 NY2d 159, 163 n 2).  Contrary to petitioner's final contention, he is not such an authority because, inter alia, he is not in the outside community.

Entered:  March 20, 2015                         Frances E. Cafarell
                                                 Clerk of the Court