*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    519847
_____

In the Matter of DANIEL
    OLIVEIRA,
                    Appellant,
        v                                 MEMORANDUM AND ORDER

HAROLD GRAHAM, as Superintendent
    of Auburn Correctional
    Facility, et al.,
                    Respondents.
_____

Calendar Date:   September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        Daniel Oliveira, Auburn, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

                    _____


Lynch, J.

        Appeals (1) from a judgment of the Supreme Court (McGrath,
J.), entered July 17, 2014 in Albany County, which partially
granted petitioner's application, in a proceeding pursuant to
CPLR article 78, by, among other things, vacating a determination
of the Central Office Review Committee and directing it to issue
a decision on petitioner's grievance, and (2) from a judgment of
said court, entered November 12, 2014 in Albany County, which
denied petitioner's motion to renew.

        Petitioner, an inmate, worked as an occupational industry
clerk in the Corcraft Industry Program at Auburn Correctional
facility in Cayuga County.  After condoms were found in an office

near petitioner's work area, he was terminated from his assignment for security reasons. As a result, petitioner filed a grievance alleging discrimination and harassment based upon his perceived sexual orientation. The grievance was referred to respondent Superintendent of Auburn Correctional Facility, who advised petitioner that the matter had been referred to the Inspector General's Office of the Department of Corrections and Community Supervision for further investigation. Petitioner appealed this decision to the Central Office Review Committee (hereinafter CORC).

While the appeal was pending, petitioner commenced this CPLR article 78 proceeding seeking to compel the Superintendent to restore him to his assignment in the occupational industry program and to direct respondent Inspector General to complete the investigation and file a written report. Subsequently, CORC issued a determination upholding the Superintendent's determination and noting that any further action would await the outcome of the Inspector General's investigation. Respondents served an answer to the petition, attaching both a copy of CORC's determination and the Inspector General's report, the latter of which was submitted in camera. In July 2014, Supreme Court granted the petition to the extent of vacating CORC's determination and remanded the matter to CORC to make a ruling on petitioner's grievance in view of the completion of the Inspector General's investigation.[1]

Thereafter, CORC issued an amended determination denying petitioner's grievance and noting that, based upon the Inspector General's investigation, petitioner was properly removed from his assignment for security reasons. Petitioner made an application – designated a "motion to renew" – to challenge the amended determination and Supreme Court denied it by judgment entered in

---

[1] Supreme Court concluded that the portion of the petition seeking to compel the Inspector General to file a written report of the results of the investigation was moot given that the report had already been issued.

November 2014.  Petitioner now appeals from both judgments.[2]

Initially, respondents concede, among other things, that the proper procedure was not followed in processing petitioner's grievance.  In cases such as this, where a grievance contains allegations of discrimination based upon sexual orientation, the governing regulations require that the Office of Diversity Management perform an investigation and and be present when such a grievance appeal is reviewed by CORC (see 7 NYCRR 701.9 [d] [h]).  These requirements were not met.

Equally significant, respondents further concede that the Inspector General's investigation was initiated before petitioner's grievance was filed and did not address the grievance or the allegations of discrimination based upon sexual orientation.  Indeed, a review of the Inspector General's report discloses that its investigation centered upon identifying the owner of the condoms.  Furthermore, the report concluded that there was no evidence to substantiate a finding that the condoms belonged to petitioner.  In view of this, and absent any evidence to establish that petitioner's removal from the program was necessary due to security concerns, we conclude that CORC's amended determination denying petitioner's grievance was arbitrary, capricious and without a rational basis (see e.g. Matter of Santiago v Fischer, 105 AD3d 1223, 1223 [2013]; Matter of James v Fischer, 102 AD3d 1019, 1020 [2013]).  Accordingly,

---

[2]  Petitioner's appeal from Supreme Court's July 2014 judgment partially granting the petition is now moot in light of CORC's subsequent amended determination denying petitioner's grievance and petitioner's appeal of Supreme Court's November 2014 judgment relating thereto.

Insofar as petitioner's motion to renew was the subject of Supreme Court's November 2014 judgment, we find the circumstances appropriate to exercise our interest of justice jurisdiction and treat petitioner's motion to renew as an application to review the merits of CORC's amended determination (see CPLR 103 [c]; Matter of Tara V. v County of Otsego, 12 AD3d 984, 986 n 2 [2004]).

the amended determination must be annulled and petitioner's grievance granted, including the relief requested therein, specifically petitioner's reinstatement to his prison job assignment.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the appeal from the judgment entered July 17, 2014 is dismissed, as moot, without costs.

ORDERED that the judgment entered November 12, 2014 is reversed, on the law, without costs, amended determination of the Central Office Review Committee annulled and petitioner's grievance granted, including the relief requested therein.


ENTER:

Robert D. Mayberger
Clerk of the Court