# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 19, 2015                519048
_____

In the Matter of MANUEL NUNEZ
                    Appellant,
        v                                 MEMORANDUM AND ORDER

PAMELA L. WHITE, as
    Superintendent of Industry
    at Clinton Correctional
    Facility, et al.,
                    Respondents.
_____

Calendar Date:  October 20, 2015

Before:  Peters, P.J., Lahtinen, Garry and Clark, JJ.

_____

    Manuel Nunez, Dannemora, appellant pro se.

    Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for respondents.

_____

Clark, J.

    Appeal from a judgment of the Supreme Court (Ellis, J.), entered May 13, 2014 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Central Office Review Committee partially denying petitioner's grievance.

    Petitioner, a prison inmate, works in the Clinton County Correctional Facility tailor shop.  In December 2012, petitioner filed a grievance containing various complaints about conditions in the tailor shop.  Relevant here, petitioner alleged that there was an unwritten policy under which no tailor shop supervisor was

to rate an inmate worker as "excellent" in every category on performance evaluations. He further grieved that there was a lack of safety guards on the sewing machine needles and that all of the seat cushions had been removed from the tailor shop requiring inmates to sit on hard chairs all day. Following a hearing before the Inmate Grievance Resolution Committee, the Superintendent of the facility and then the Central Office Review Committee (hereinafter CORC) denied, in relevant part, petitioner's grievance, concluding that there was no institutional interference with his evaluations, that safety guards were in place on all sewing machines and that a new procedure had been put in place whereby petitioner could obtain a seat cushion. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge CORC's determination. Finding that petitioner failed to administratively exhaust his challenge to the newly created procedure to obtain a seat cushion and that CORC's determination was rational as there was nothing in the record to substantiate his claims regarding the unwritten policy and lack of safety guards, Supreme Court dismissed the petition, prompting this appeal.

We modify. Judicial review of the denial of an inmate grievance is limited to whether such a determination was arbitrary or capricious, without a rational basis or affected by an error of law (see Matter of Nunez v Central Off. Review Comm., 126 AD3d 1248, 1249 [2015], lv denied 25 NY3d 911 [2015]; Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014]; Matter of Hutchinson v Fischer, 112 AD3d 1245, 1245 [2013], lv denied 23 NY3d 903 [2014]). If "the determination is supported by a rational basis, [this Court] must sustain the determination even if [we] concludes that it would have reached a different result than the one reached by the agency" (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010] [internal quotation marks and citations omitted]). Here, we find no basis in the record to suggest that CORC's determination was irrational insofar as it found that there was no policy, unwritten or otherwise, to deny accurate performance on inmate evaluations in the tailor shop or that there was an outstanding safety problem with the lack of guards on the sewing machines. CORC rationally relied upon the Superintendent's representation that she reminded her staff that evaluations should be completed

in accordance with the newly developed evaluation system requiring supporting reasons for the ratings given to each inmate, and nothing in the written policy prevents inmates, who meet the qualifying criteria, from receiving all "excellent" ratings in their performance evaluations. CORC's determination relative to the sewing machines was also rational insofar as the safety features in the tailor shop vary; some machines have finger guards while other machines may be used without finger guards. Inmates are also instructed not to work on any machine that is unsafe or that lacks a guard.

With regard to Supreme Court's finding that petitioner failed to administratively exhaust his challenge to the procedure used to obtain a seat cushion, respondents join petitioner's request for remittal of this matter to CORC to adjudicate this portion of his grievance. Although the cushion-issue procedure was implemented after petitioner filed his grievance, he appears to have orally raised the issue at the hearing before the Inmate Grievance Resolution Committee, which agreed with petitioner that the new procedure was in certain respects "vague," and again in both his written appeal statement to the Superintendent and to CORC (see 7 NYCRR 701.5 [c], [d]). However, neither the Superintendent nor CORC addressed petitioner's challenge to the vagueness of the cushion-issue procedure, and we therefore agree with the parties that this matter must be remitted to CORC so that it can adjudicate this aspect of his grievance in the first instance (see Matter of Santiago v Fischer, 105 AD3d 1223, 1223-1224 [2013]; Matter of Eastwood v Fischer, 80 AD3d 1122, 1123 [2011]).

Petitioner's remaining contentions have been reviewed and found to be without merit.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking review of petitioner's grievance regarding the cushion-issue procedure; matter remitted to the Central Office Review Committee for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court