*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    520018
_____

In the Matter of DOUGLAS E.
    JOHNSON,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

                    _____

        Douglas E. Johnson, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondent.

                    _____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Feldstein,
J.), entered August 28, 2014 in Franklin County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Central Office
Review Committee denying petitioner's grievance.

        In 1985, petitioner was convicted of murder in the second
degree (three counts) and rape in the first degree.  The judgment
of conviction was affirmed on appeal (People v Johnson, 160 AD2d
813 [1990], lv denied 76 NY2d 790 [1990]).  In 2013, while housed
at the Franklin Correctional Facility, petitioner was informed
that, pursuant to his convictions, he was required to participate

in the Sex Offender Counseling and Treatment Program (hereinafter SOCTP). In response, petitioner signed a program refusal form that included the admonition that refusing to participate in a mandatory program may result in, among other things, an ineligibility for an area of preference transfer and a reduction in pay grade and job assignment. Following his refusal, petitioner's work assignment was changed to a lower pay grade job.

Petitioner filed a grievance challenging the change in pay grade, requesting that he be granted his area of preference transfer and asserting that his participation in SOCTP should be waived in light of his protestation of innocence of the sex offense crime. The grievance was ultimately denied by the Central Office Review Committee. Petitioner commenced this CPLR article 78 proceeding challenging the denial of his grievance. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. "Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014] [internal quotation marks and citations omitted]; accord Matter of Bottom v Annucci, 125 AD3d 1070, 1071 [2015], appeal dismissed 25 NY3d 1057 [2015]). Initially, in light of petitioner's refusal to complete SOCTP, the change in his pay grade and job assignment, as well as the denial of his request for preference transfer, was not arbitrary and capricious, irrational or affected by an error of law (see Matter of Pride v New York State Dept. of Correctional Servs., 91 AD3d 1003, 1004 [2012]; Matter of Salahuddin v Goord, 64 AD3d 1091, 1092 [2009]). We reject petitioner's claim that his participation in SOCTP should be waived because he maintains that he is innocent of the sex offense for which he was convicted. Petitioner's convictions were affirmed on appeal and, contrary to his contention, he has not demonstrated any deprivation of his constitutional rights or any other prejudice that would result from his participation in the treatment program (cf. Matter of Griffin v Coughlin, 88 NY2d 674, 691-692 [1996], cert denied 519 US 1054 [1997]).

Lahtinen, Garry, Clark and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court