Appeal from a judgment of the Supreme Court (Nichols, J.), entered April 27, 2016 in Columbia County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR *1428 article 78, to, among other things, review determinations of the Central Office Review Committee denying petitioner’s grievances.
Petitioner, a prison inmate, filed four grievances, dated December 24, 2013, April 21, 2014, April 22, 2014 and May 19, 2014, challenging various conditions of his confinement. Petitioner’s December 2013, April 21, 2014 and May 2014 grievances were ultimately denied by the Central Office Review Committee (hereinafter CORC). Petitioner then commenced this CPLR article 78 proceeding challenging the denial of those grievances and CORC’s failure to issue a determination with regard to his April 22, 2014 grievance. Following joinder of issue, Supreme Court dismissed the petition, and this appeal by petitioner ensued.
We affirm. “Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law” (Matter of Shoga v Annucci, 122 AD3d 1180, 1180 [2014] [internal quotation marks and citations omitted]; accord Matter of Johnson v Annucci, 139 AD3d 1271, 1272 [2016], appeal dismissed 28 NY3d 946 [2016]; Matter of Bottom v Annucci, 125 AD3d 1070, 1071 [2015], appeal dismissed 25 NY3d 1057 [2015]). Turning first to petitioner’s December 2013 grievance that he was no longer permitted to keep his electronic music keyboard, CORC found that the keyboard presented legitimate security concerns because it was capable of producing life-like sounds. Inasmuch as CORC’s determination was based upon the safety and security of the facility, which may regulate and restrict what personal property is permitted (see Matter of Abreu v Fischer, 97 AD3d 877, 878 [2012], appeal dismissed 19 NY3d 1096 [2012]; Matter of Frejomil v Fischer, 68 AD3d 1371, 1372 [2009]; see generally 7 NYCRR 724.4 [a] [5]) — including, pursuant to Department of Corrections and Community Supervision Directive No. 4911, musical devices with digital voice and sound production capability — we discern no reason to disturb CORC’s denial of petitioner’s December 2013 grievance (see Matter of Davis v Fischer, 76 AD3d 1152, 1152 [2010]; Matter of Blades v Twomey, 159 AD2d 868, 868 [1990]; compare Matter of James v Fischer, 102 AD3d 1019, 1020 [2013]).
With regard to CORC’s denial of petitioner’s April 21, 2014 grievance challenging the lack of available writing paper while he was in keeplock detention, petitioner acknowledged that he had access to typing paper. Moreover, petitioner could request *1429 paper through the law library, and that portion of petitioner’s grievance concerning his commissary privileges became moot upon petitioner’s return to the general population (see Matter of Shoga v Annucci, 122 AD3d at 1181; Matter of Tafari v Leclaire, 79 AD3d 1539, 1540 [2010], Iv denied 16 NY3d 709 [2011]). Similarly, we find no reason to disturb CORC’s denial of petitioner’s May 2014 grievance challenging employment opportunities within the facility, as CORC’s rejection of petitioner’s grievance was rational. Petitioner had no absolute right to a particular job assignment, and Department of Corrections and Community Supervision Directive No. 4803 provides that an inmate’s custodial history may properly be considered when making certain job assignments (see Matter of Soto v Central Off Review Comm, of the Dept, of Corrections & Community Supervision, 118 AD3d 1229, 1231 [2014]). Finally, we agree with respondent that petitioner’s claim regarding his April 22, 2014 grievance is moot inasmuch as CORC issued a decision in October 2015 (cf. Matter of Shoga v Annucci, 122 AD3d at 1181; see also Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014]). Petitioner’s remaining contentions have been examined and found to be without merit.
Egan Jr., J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.
Ordered that the judgment is affirmed, without costs.