Matter of Reed v Annucci (2020 NY Slip Op 02341)





Matter of Reed v Annucci


2020 NY Slip Op 02341


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

528829

[*1]In the Matter of Robert Reed, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 20, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Robert Reed, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeals (1) from a judgment of the Supreme Court (Feldstein, J.), entered February 20, 2019 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance, and (2) from an order of said court (Ellis, J.), entered July 17, 2019, which denied petitioner's motion to reargue.
In October 2016, petitioner punched and injured a correction sergeant and refused several direct orders to put his hands behind his back, resulting in the use of force and injuries to other correction officers who assisted with restraining petitioner. Petitioner was subsequently charged in two separate misbehavior reports with various rule violations, including assaulting staff. During an ensuing combined tier III prison disciplinary hearing, petitioner requested copies of unusual incident and use of force reports but was informed by the Hearing Officer that those reports were not finalized and available and, therefore, that they would not be relied upon in making a determination. On November 3, 2016, the Hearing Officer found petitioner guilty of the charged rule violations, and that determination was upheld on administrative appeal. Petitioner's subsequent CPLR article 78 proceeding challenging the determination was dismissed by Supreme Court (Feldstein, J.).
Following the Hearing Officer's determination, petitioner filed an inmate grievance alleging that he was assaulted by staff during the October 2016 incident and requesting, among other things, an investigation of the incident. The Central Office Review Committee (hereinafter CORC) ultimately denied the grievance, finding that the allegations were unsubstantiated and that there was no malfeasance by staff. Petitioner then commenced this CPLR article 78 proceeding challenging CORC's determination and the underlying investigation of the matter. Finding that the denial of the grievance was not irrational, Supreme Court dismissed the petition, and judgment was entered. Petitioner appeals from that judgment, as well as from a July 2019 order denying his motion to reargue.[FN1]
"Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Johnson v Annucci, 153 AD3d 1059, 1060 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 904 [2017]; accord Matter of Brooks v Annucci, 149 AD3d 1434, 1435 [2017]; Matter of Kairis v Fischer, 149 AD3d 1427, 1428 [2017]). Petitioner's principal contention is that, under the doctrine of collateral estoppel, CORC erred in relying upon the unusual incident and use of force reports when it denied his grievance because those documents were, according to petitioner, previously found to not exist. Petitioner's reliance upon the doctrine of collateral estoppel is misplaced, as the issues of the existence and content of the unusual incident and use of force reports were not "actually litigated and decided" in a prior proceeding (Emmons v Broome County, 180 AD3d 1213, 1216 [2020] [internal quotation marks and citation omitted]). Rather, in the prior proceeding before Supreme Court, the court found, among other things, that petitioner was not denied his right to present documentary evidence at his disciplinary hearing because the Hearing Officer did not rely upon the reports that were not yet finalized and available at the time of the hearing. Inasmuch as the record reflects that those reports were subsequently finalized and available at the time that CORC adjudicated petitioner's grievance, CORC did not err in considering the content of the unusual incident and use of force reports when it denied his grievance. Accordingly, upon reviewing the record, including the confidential documentation submitted for in camera review, we find no basis upon which to disturb CORC's denial of the grievance (cf. Matter of Shoga v Annucci, 122 AD3d 1180, 1181 [2014]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment entered February 20, 2019 is affirmed, without costs.
ORDERED that the appeal from the order entered July 17, 2019 is dismissed, without costs.



Footnotes

Footnote 1: Inasmuch as no appeal lies from the denial of a motion to reargue, petitioner's appeal from the July 2019 order must be dismissed (see CPLR 5701 [a] [2] [viii]).