Matter of Sanchez v NYS Doccs (2021 NY Slip Op 02861)





Matter of Sanchez v NYS Doccs


2021 NY Slip Op 02861


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

531349
[*1]In the Matter of Joseph Sanchez, Appellant,
v
NYS Doccs, Respondent.

Calendar Date:April 16, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Joseph Sanchez, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hartman, J.), entered June 15, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.
Petitioner, a prison inmate, received a delivery in the package room containing index cards. Facility personnel disallowed the index cards, and petitioner filed a grievance. Following a split decision from the Inmate Grievance Resolution Committee, the Superintendent of Green Haven Correctional Facility denied the grievance. Petitioner's appeal of the Superintendent's decision to the Central Office Review Committee (hereinafter CORC) was unsuccessful. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court upheld the denial of petitioner's grievance and dismissed the petition. This appeal ensued. We reverse.
"Judicial review of the denial of an inmate grievance is limited to whether such determination was arbitrary and capricious, irrational or affected by an error of law" (Matter of Reed v Annucci, 182 AD3d 883, 884 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 908 [2020], lv dismissed and denied 35 NY3d 1075 [2020]; accord Matter of Kalwasinski v Central Off. Review Comm., NYS DOCCS, 153 AD3d 993, 994 [2017]). "[C]orrection officials are to be accorded wide latitude in taking measures to ensure the safety and security of correctional facilities, which extends to determining the property permitted in such facilities" (Matter of James v Fischer, 102 AD3d 1019, 1019 [2013] [internal quotation marks and citations omitted]). Such decisions, however, must be rational in order to be entitled to deference (see Matter of Eastwood v Fischer, 80 AD3d 1122, 1122 [2011]).
Department of Corrections and Community Supervision Directive No. 4911 lists articles that inmates may receive through a correctional facility's package room (see Dept of Corr & Community Supervision Directive No. 4911 § III [A] [2]). As relevant here, Directive No. 4911 expressly permits "writing or drawing" paper, but no envelopes. CORC denied petitioner's grievance on the ground that "index cards are not considered paper as they are made from a heavier material." As petitioner notes, however, Directive No. 4911 allows inmates to receive greeting cards and drawing paper, both of which are also made of a heavier material. Moreover, although respondent contends that index cards could be used for nefarious reasons, CORC did not articulate any security justification when denying petitioner's grievance (see Matter of James v Fischer, 102 AD3d at 1020). Accordingly, CORC's determination was irrational.
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled, and matter remitted to respondent [*2]for further proceedings not inconsistent with this Court's decision.