█ In the Matter of ABDEL-JABBOR MALIK, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered July 12, 1989 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul Directives 4910 and 4933 of the Department of Correctional Services.

---

Petitioner, an inmate of the Department of Correctional Services, commenced this proceeding to challenge certain conditions of his confinement in the special housing unit. Specifically, petitioner claims that Directives 4910 and 4933 *(see,* 7 NYCRR parts 302-305) constitutionally violate his right, *inter alia,* to a watch, a hairbrush, more than 10 family photographs, additional package purchases, more than one nonlegal visit per week and not to have rectal searches for contraband made on his person. Supreme Court dismissed the petition, concluding that the restrictions were not unconstitutional in light of the security needs of the correctional facility. This appeal ensued.

Petitioner's challenge to the aforenumbered directives is without merit. Since petitioner does not claim that he was deprived of any rights guaranteed by State statutes or regulations, his petition must be perceived as alleging only constitutional violations, specifically violations of the 8th Amendment prohibition against cruel and inhuman treatment. Conditions of confinement are not within the proscription of the 8th Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities" *(Rhodes v Chapman,* 452 US 337, 347) or, stated another way, are " 'barbarous' or 'shocking to the conscience' "*(Wilkinson v Skinner,* 34 NY2d 53, 60, quoting *La Reau v MacDougall,* 473 F2d 974, 978, *cert denied* 414 US 878). The conditions challenged by petitioner are the usual incidents of confinement in maximum security. Certainly petitioner is not physically injured by the lack of a watch, hairbrush or more than 10 family photographs. Accordingly, petitioner has failed to establish cruel and unusual conditions and the directives at issue clearly satisfy the requirements of the 8th Amendment.

Apart from the 8th Amendment, it is true that prison inmates retain certain constitutional rights, but that institutional security and internal order and discipline require limitation of those rights *(Bell v Wolfish,* 441 US 520, 546-547). With this in mind, respondents clearly violated no due process rights in limiting the number of packages of perishable food items deliverable to petitioner *(supra,* at 555) or in limiting nonlegal visits to one per week *(see, Kentucky Dept. of Corrections v Thompson,* 490 US —, 109 S Ct 1904). Similarly, petitioner's challenge to body cavity searches for contraband, when considered against institutional security needs, fails. The 4th Amendment, assuming its applicability, prohibits only unreasonable searches *(Bell v Wolfish, supra,* at 558). Rectal searches of inmates are not "unreasonable" but are proce-

dures required to maintain the security and safety of correctional institutions and are, thus, permissible *(supra; see generally, Matter of Lucas v Scully,* 71 NY2d 399, 405-406).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.