OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner, an inmate at Auburn Correctional Facility, has commenced the instant CPLR article 78 proceeding to review a determination of the respondent in which a grievance, submitted under the inmate grievance program, was denied. The grievance was predicated upon a claim that respondent has improperly refused to provide medical treatment for a disease which petitioner had contracted, hepatitis C. The stated reason for the denial of medical treatment was petitioner’s acknowledged *303 refusal to participate in the residential substance abuse treatment (RSAT) program.
Petitioner argues that he should receive treatment for his hepatitis C illness without having to participate in the RSAT program first. He indicates that Lester N. Wright, Deputy Commissioner of the Department of Correctional Services and its Chief Medical Officer, issued an order that petitioner not be treated for hepatitis C until he had enrolled in the RSAT program. Petitioner asserts that Deputy Commissioner Wright’s order to deny treatment has caused him pain due to a stomach and kidney infection. He maintains that the denial of medical treatment is in violation of the National Institutes of Health (NIH) standards. He maintains that federal guidelines for the treatment of hepatitis C, according to NIH rules, regulations and policies, do not require imposition of what he terms “sanctions” for his refusal to participate in RSAT. Petitioner contends that respondent’s determination, as it applies to petitioner, is arbitrary and capricious, and has resulted in a deliberate denial of medical attention for a serious medical condition, all in violation of the Eighth Amendment of the United States Constitution.
Respondents, in opposition to the petition, have submitted the affidavit of Deputy Commissioner Wright. In his affidavit the Deputy Commissioner indicates that the Department of Correctional Services has adopted what is termed a hepatitis C Primary Care Practice Guideline. The Guideline, according to Deputy Commissioner Wright, has been updated several times in order to reflect recent developments in the treatment of hepatitis C. Included in the Guideline is a requirement that inmates undergoing hepatitis C treatment be enrolled in and complete an alcohol and substance abuse treatment program (in this instance, the RSAT program). Deputy Commissioner Wright indicates that nearly all patients with hepatitis C contracted the disease through substance abuse. He indicates that continued use of either alcohol or liver toxic substances will greatly accelerate liver damage, and may cause new infection even for those individuals for whom the treatment was successful. It is for this reason that alcohol and substance abuse treatment is critical to hepatitis C drug therapy treatment. Deputy Commissioner Wright annexes a copy of a Consensus Statement of the NIH, *304 as well as a copy of a publication of the Centers For Disease Control (CDC), both of which discuss hepatitis C.*
In support of his application, petitioner has cited the case of Matter of Domenech v Goord (196 Misc 2d 522 [Sup Ct, Westchester County 2003], appeal dismissed 20 AD3d 416 [2d Dept 2005]). In Domenech, as here, the inmate was denied treatment for hepatitis C based upon his refusal to participate in a substance abuse treatment program. Supreme Court found the determination to be arbitrary and capricious, by reason of the fact that respondents had conceded that the inmate had not consumed alcohol or drugs for at least two years, coupled with the fact that the inmate indicated that he had not consumed alcohol or heroin for over 30 years.
In this instance, petitioner’s presentence investigation report (dated Apr. 29, 1998) indicates that petitioner acknowledged that he had an alcohol dependency problem. He also acknowledged using heroin in the past. In addition, in July 2004 petitioner was found guilty of violating inmate rule 113.13, which prohibits inmates from making, using, possessing, selling or being under the influence of any alcoholic beverage (see 7 NYCRR 270.2 [B] [14] [iv]).
Under all of the circumstances, the court is of the view that the determination to require petitioner to participate in the RSAT program was not made in violation of lawful procedure or affected by an error of law. Nor was it irrational, arbitrary and capricious, or an abuse of discretion. To the contrary, the determination appears to be well supported. Respondent has demonstrated that participation in substance abuse treatment is an essential component of an overall treatment program for hepatitis C where an inmate has a recent history of substance abuse.
The court concludes that the petition must be dismissed.
Accordingly, it is ordered and adjudged that the petition be and hereby is dismissed.

 The NIH Consensus Statement recites in pertinent part: “Because a large number of HCV [hepatitis C virus]-infected persons in the United States are incarcerated, programs should be implemented to prevent, diagnose, and treat HCV infection in these individuals” (National Institutes of Health Consensus Development Conference Statement, Management of Hepatitis C: 2002, June 10-12, 2002, Final Statement, at 14).