# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**136**

**CA 11-00868**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

RAUL RIVERA, CLAIMANT-APPELLANT,

V                                          MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 110682.)

---

THE LEGAL AID SOCIETY, NEW YORK CITY (MILTON ZELERMYER OF COUNSEL), FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered July 28, 2010. The order granted the motion of defendant for leave to amend its answer and for summary judgment and dismissed the claim.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of defendant's motion seeking summary judgment dismissing the claims for negligence and medical malpractice and reinstating those claims, and as modified the order is affirmed without costs.

Memorandum: Claimant, an inmate at Auburn Correctional Facility, previously commenced a CPLR article 78 proceeding seeking to annul the determination of the Department of Correctional Services (DOCS) denying him medical treatment for hepatitis C based upon his refusal to participate in the residential substance abuse treatment (RSAT) program. Claimant also sought judgment directing DOCS to provide him with such medical treatment. Supreme Court dismissed the petition, concluding that, inter alia, the determination of DOCS requiring claimant to participate in RSAT as a condition to receiving medical treatment for hepatitis C was not arbitrary and capricious or an abuse of discretion (*Matter of Rivera v Goord*, 10 Misc 3d 302).

Claimant thereafter commenced the instant action seeking damages for injuries allegedly resulting from defendant's denial of medical treatment for hepatitis C. The Court of Claims erred in granting those parts of defendant's motion seeking summary judgment dismissing the claims for negligence and medical malpractice on the ground that those claims are barred by the doctrine of res judicata or collateral estoppel. "In the prior CPLR article 78 proceeding[, claimant] could not have sought the relief [he] seek[s] in this action" (*Margerum v*

*City of Buffalo*, 63 AD3d 1574, 1580).  Moreover, whether defendant was negligent or deviated from accepted standards of care "was not actually and necessarily decided" in that proceeding (*Reynolds v Krebs*, 81 AD3d 1269, 1271).  We therefore modify the order accordingly.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court