*555 OPINION OF THE COURT
Mark H. Fandrich, J.
Petitioner commenced this CPLR article 78 proceeding challenging the constitutionality of the Department of Corrections and Community Supervision’s (DOCCS) inmate pat frisk policy. Petitioner seeks to have a portion of DOCCS Directive No. 4910 § III-B-1 abolished as unconstitutional, to prohibit DOCCS from providing training on its pat frisk policy and compel respondent to have pat frisking cameras record the activity clearly and hold such recordings for two years. Respondent moves to dismiss the petition on the ground that petitioner is not entitled to a writ of mandamus, that the pleading fails to state a cause of action, and that petitioner lacks standing to bring this proceeding.
On or about July 3, 2013, petitioner filed inmate grievance No. AUB-63261-13 claiming that he was inappropriately pat frisked before going to the yard. The Superintendent denied the grievance, holding that there was no evidence to support the allegations of staff misconduct. On appeal, the Central Office Review Committee (CORC) unanimously accepted the request in part, upholding the Superintendent’s determination. Petitioner filed a similar grievance, inmate grievance No. AUB-65824-14, on or about September 24, 2014, again alleging inappropriate sexual contact by staff during a pat frisk, requesting that the pat frisk policy be rescinded and that petitioner be financially compensated for the extreme mental anguish he has suffered as a result. The Superintendent denied the grievance, finding that there was no evidence to support the allegations of staff misconduct. CORC upheld the Superintendent’s determination, adding that it had not been presented with any compelling reason to revise the pat frisk procedures.
The instant petition does not challenge the denial of the above-referenced grievances or the alleged staff misconduct. Instead, petitioner alleges that the pat frisk policy is unconstitutional and should be abolished, in part, to remove the “sexually invasive” aspect of the policy. Petitioner further alleges that DOCCS’s pat frisk policy denies inmates the right to be free from cruel and unusual punishment and violates equal protection in that visitors are not pat frisked upon entry into the prison facility. He adds that he has nightmares as a result of the pat frisks he has been subjected to.
The performance of inmate pat frisks is covered by DOCCS Directive No. 4910 § III-B-2, which defines a pat frisk as “a *556 search by hand of an inmate’s person, and his or her clothes, while the inmate is clothed, except that the inmate shall be required to remove coat, hat, and shoes.” The directive permits contact “through the clothing with the genitalia, groin, breast, inner thigh, and buttocks,” qualifying that such contact “is a necessary component of a thorough pat frisk.” The directive clarifies that “staff must avoid any penetration of the anal or genital opening through the clothing . . . [and] must not lift or otherwise manipulate the genitalia during a pat frisk.” Directive No. 4910 allows for both the mandatory and permissive use of pat frisks under certain circumstances. For example, all inmates must be pat frisked when entering the visiting room, except at community-based facilities, while inmates may be pat frisked en route to and from program and recreation areas.
The nature of incarceration involves the loss or limitation of many rights and privileges that an inmate previously enjoyed (see Matter of Rivera v Smith, 63 NY2d 501 [1984]). While stepping inside prison walls does not automatically strip an inmate of all of his or her constitutional rights, it does subject these rights to certain restrictions and limitations (see Bell v Wolfish, 441 US 520 [1979]). It is well settled that institutional security and internal order and discipline may require the limitation of an inmate’s otherwise retained constitutional rights (see Bell, 441 US at 546-547; Matter of Malik v Coughlin, 157 AD2d 961 [3d Dept 1990]).
Petitioner’s reliance on the Eighth Amendment’s prohibition against cruel and unusual punishment is misplaced in the context of this proceeding. The pat frisk directive, as written, does not “create inhumane prison conditions . . . [or] the infliction of pain or injury” (Overton v Bazzetta, 539 US 126, 137 [2003]). Contrary to petitioner’s allegation, pat frisks of the type at issue here, even with through-the-clothing contact with the genitalia, groin, breast, inner thigh, and buttocks, are minimally intrusive and necessary to maintain institutional security and safety. An inmate’s rights under the Fourth Amendment protection against unreasonable searches and seizures are limited by the needs of correctional officials “to devise reasonable search policies to detect and deter the possession of contraband in their facilities” (Florence v Board of Chosen Freeholders of County of Burlington, 566 US —, —, 132 S Ct 1510, 1517 [2012]; see also People v McKanney, 56 AD3d 1049 [3d Dept 2008]). In fact, courts have upheld more intrusive searches of inmates, including strip searches and *557 rectal cavity searches, as necessary to maintain the security and safety of correctional institutions (see e.g. Matter of Malik, 157 AD2d at 962-963; Bell, 441 US at 560). Correctional officials must be able to conduct random searches “without predictable exceptions” in order to deter the possession of contraband and protect the safety and security of the institution as a whole (Florence, 566 US at —, 132 S Ct at 1516). Pat frisks, such as those described by Directive No. 4910, are not inhumane, but, rather, “are the usual incidents of confinement.” (Matter of Malik, 157 AD2d at 962.)
Nevertheless, “[t]he standard for assessing the validity of prison regulations that infringe on inmates’ constitutional rights has been articulated by the Supreme Court as follows: ‘when a prison regulation impinges on inmates’ constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests’ ” (Matter of Lucas v Scully, 71 NY2d 399, 406 [1988], quoting Turner v Safley, 482 US 78 [1987]; see also Matter of Bezio v Dorsey, 21 NY3d 93 [2013]). Assuming that such constitutional protection is afforded to petitioner here, the pat frisk policy on its face, including the references to contact through the clothing with the genitalia, groin, breast, inner thigh, and buttocks, is not unreasonable and, in fact, is necessary to allow correctional officials to fulfill their responsibility to “secure their institutions against escape, to prevent the transfer or possession of contraband, and to protect the safety of inmates and prison employees” (Matter of Rivera, 63 NY2d at 512-513). Directive No. 4910 § III-B-1 “is reasonably related to legitimate penological interests and passfes] constitutional muster” (Matter of Hunt v Goord, 252 AD2d 982, 983 [4th Dept 1998]).
The fact that visitors to the facility are not subject to the same pat frisk policies as inmates does not support petitioner’s equal protection claim. As stated above, the nature of confinement is such that inmates lose certain rights and privileges that those outside the prison, including visitors, are afforded (see e.g. Matter of Rivera, 63 NY2d at 512). In order to state a claim for a violation of equal protection, an individual must show that he or she was discriminated against on the basis of being a protected class, such as race or gender, or, under a “class of one” theory, that he or she was intentionally treated differently than others similarly situated (see Village of Willowbrook v Olech, 528 US 562, 564 [2000]). Visitors and inmates are not similarly situated; visitors are entitled to certain *558 freedoms, rights and privileges that inmates, by the nature of confinement, may no longer be entitled to. Being an inmate, without more, is not enough to support petitioner’s equal protection claim.
Finally, petitioner’s reliance on the recent Second Circuit case of Crawford v Cuomo is misplaced (Crawford v Cuomo, 796 F3d 252 [2d Cir 2015]). In Crawford, the court found that a correction officer’s intentional contact with an inmate’s genitalia or other intimate area, which served no legitimate penological purpose and was done with the intent of gratifying the officer’s sexual desire, violated the inmate’s Eighth Amendment rights (see id.). Here, whether DOCCS violated its own rules or petitioner’s constitutional rights by not performing the pat frisks of petitioner in accordance with Directive No. 4910 is not before this court. The court’s consideration here is limited to petitioner’s requests to abolish a portion of the directive and compel respondent to maintain recordings of searches. “ ‘[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion’ ” (Matter of Doorley v DeMarco, 106 AD3d 27, 34 [4th Dept 2013], quoting Matter of Brusco v Braun, 84 NY2d 674 [1994]). In such a proceeding, the petitioner must have a “clear legal right to the relief demanded and there must exist a corresponding nondiscretionary duty on the part of the administrative agency to grant that relief” (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757 [1991]). Such a right simply does not exist here.
Likewise, petitioner is not entitled to a writ of prohibition in this instance. A writ of prohibition is an extraordinary remedy that lies only where there is a clear legal right, and only when a body or officer acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction (see Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597 [1980]). A writ of prohibition is available only to prevent a judicial or a quasi-judicial act and cannot be used to prevent legislative, executive or administrative acts (see id. at 606). Petitioner has failed to demonstrate that he has a legal right to the relief sought.
Accordingly, based upon the foregoing, it is hereby ordered that respondent’s motion is hereby granted and the article 78 petition is dismissed.