Inmate M. v State of New York (2018 NY Slip Op 06375)





Inmate M. v State of New York


2018 NY Slip Op 06375


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


957 CA 17-00426

[*1]INMATE M., CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 125930.) 






INMATE M., CLAIMANT-APPELLANT PRO SE.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered April 27, 2016. The order, among other things, granted defendant's cross motion to dismiss the claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant, an inmate at a correctional facility, previously commenced a CPLR article 78 proceeding challenging the pat frisk procedure outlined in the Department of Corrections and Community Supervision's Directive No. 4910 (B) (1) (the directive), alleging that he was sexually assaulted during an authorized pat frisk conducted in accordance with the directive. Claimant alleged that the directive violates, inter alia, the Eighth Amendment of the United States Constitution, New York Constitution, article I, § 5, Penal Law § 130.52, Correction Law §§ 112 and 137 (5), and Civil Rights Law
§ 79-c, and he sought a judgment rescinding the pat frisk policy set forth in the directive and awarding monetary damages for the extreme mental anguish that he suffered as a result of the pat frisk. Supreme Court dismissed the petition, determining that "[p]etitioner's reliance on the Eighth Amendment's prohibition against cruel and unusual punishment is misplaced in the context of this proceeding. The pat frisk directive, as written, does not create inhumane prison conditions . . . [or] the infliction of pain or injury' " (Matter of Morrow v Annucci, 50 Misc 3d 554, 556 [Sup Ct, Cayuga County 2015]), and that the directive " is reasonably related to legitimate penological interests and pass[es] constitutional muster' " (id. at 557).
Claimant thereafter filed the instant claim based on the same incident, seeking damages and an order determining that the directive is unconstitutional. We conclude that defendant established that the instant claim repeats the challenge to the constitutionality of the directive that claimant made in his CPLR article 78 petition, and that issue was fully and fairly litigated and was necessarily decided in the prior proceeding (cf. Rivera v State of New York, 91 AD3d 1331, 1332 [4th Dept 2012]; Margerum v City of Buffalo, 63 AD3d 1574, 1580 [4th Dept 2009]; see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 348-349 [1999]). Thus, "both res judicata and collateral estoppel operate to preclude [claimant] from litigating [that] issue again" in the Court of Claims (Matter of Martin v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs., 69 AD3d 1237, 1238 [3d Dept 2010]).
We further conclude that the court properly dismissed claimant's constitutional tort claim inasmuch as "no . . . claim [for constitutional tort] will lie where the claimant has an adequate remedy in an alternate forum" (Shelton v New York State Liq. Auth., 61 AD3d 1145, 1150 [3d Dept 2009]; see LM Bus. Assoc., Inc. v State of New York, 124 AD3d 1215, 1218-1219 [4th Dept 2015], lv denied 25 NY3d 905 [2015]; Deleon v State of New York, 64 AD3d 840, 840 [3d Dept 2009], lv denied 13 NY3d 712 [2009]). Here, claimant had an adequate remedy in an alternate [*2]forum. Indeed, he raised the same issues and sought the same relief as here in his prior CPLR article 78 petition.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court