Matter of Graham v Annucci (2021 NY Slip Op 02652)





Matter of Graham v Annucci


2021 NY Slip Op 02652


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


371 TP 20-01643

[*1]IN THE MATTER OF DARRELL GRAHAM, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered December 15, 2020) to review a determination of respondent. The determination upheld the denial of the grievance petitioner had filed at the Attica Correctional Facility. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner filed a grievance against prison authorities contesting his removal from the Alcohol and Substance Abuse Treatment (ASAT) program at the Attica Correctional Facility. Petitioner commenced this CPLR article 78 proceeding challenging the denial of his grievance on administrative appeal by respondent's Central Office Review Committee.
As a preliminary matter, we note that Supreme Court erred in transferring this proceeding to us pursuant to CPLR 7804 (g) on the ground that the amended petition raises an issue of substantial evidence. The determination was not "made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803 [4]), and thus no issue of substantial evidence has been raised (see Matter of Butler v Town of Throop, 303 AD2d 976, 976 [4th Dept 2003]; see also Matter of La Rocco v Goord, 19 AD3d 1073, 1073 [4th Dept 2005]; Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, 238 AD2d 93, 96 [3d Dept 1998]). We nevertheless retain jurisdiction in the interest of judicial economy (see Matter of Shomo v Zon, 35 AD3d 1227, 1227 [4th Dept 2006]).
We conclude that the determination removing petitioner from the ASAT program is supported by a rational basis and is neither arbitrary and capricious nor an abuse of discretion (see Matter of Sylvester v Fischer, 126 AD3d 1330, 1330 [4th Dept 2015]; La Rocco, 19 AD3d at 1073; Matter of Restituyo v Berbary, 278 AD2d 859, 859 [4th Dept 2000]; see also Matter of Harty v Goord, 3 AD3d 701, 702 [3d Dept 2004]). The determination was based on petitioner's refusal to sign, in violation of a provision in the ASAT operations manual, his substance abuse treatment continuing recovery plan. In addition, there is a progress note dated January 17, 2018, which recites that petitioner was removed from the ASAT program because he could not identify his treatment plan goals. We therefore confirm the determination and dismiss the amended petition.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court